[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 2, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-11367
Non-Argument Calendar

_____

D.C. Docket  No. 03-00001-CR-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATALIE COTTON PETERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 2, 2005)**

Before EDMONDSON, Chief Judge, HULL and WILSON , Circuit Judges.

PER CURIAM:

Natalie Cotton Peters appeals (1) the district court's denial of her motion for judgment of acquittal on a subsequently dismissed count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (the "distribution charge"), and (2) her 188-month sentence for providing a building for the unlawful storage and distribution of cocaine and cocaine base, in violation of 21 U.S.C. § 856(a)(2) and (b) (the "building charge"). No reversible error has been shown; we affirm.

Peters challenges the district court's denial of her motion for judgment of acquittal on the distribution charge: she contends that the evidence was insufficient. But the district court, on the government's motion, dismissed the distribution charge after the jury was unable to reach a verdict. This issue is moot because of the dismissal. Thus, the distribution charge is not before us on appeal.

Peters next argues that the district court erred in setting her base offense level at 38, under U.S.S.G. §§ 2D1.8(a)(1) and 2D1.1(c)(1), when it mistakenly believed that she had been convicted of the distribution charge. She contends that she was not convicted of the distribution charge and that the district court made no finding that she participated in drug activity. So, she claims that she was entitled to the reduced base offense level in U.S.S.G. § 2D1.8(a)(2).

2

We review the district court's application of the sentencing guidelines de novo; but we review the district court's findings of fact for clear error. United States v. Grant, 397 F.3d 1330, 1332 (11th Cir. 2005). For a defendant convicted under 21 U.S.C. § 856, the sentencing court is to apply "[t]he offense level from § 2D1.1 applicable to the underlying controlled substance offense." U.S.S.G. § 2D1.8(a)(1). Section 2D1.8(a)(2) allows for an offense level reduction and cap "[i]f the defendant had no participation in the underlying controlled substance offense other than allowing use of the premises." But § 2D1.8(a)(2) is not applicable where a defendant "arranged for the use of the premises for the purpose of facilitating a drug transaction, . . . made telephone calls to facilitate the underlying controlled substance offense, or . . . otherwise assisted in the commission of the underlying controlled substance offense." U.S.S.G. § 2D1.8, comment. (n.1).

We uphold the district court's application of the higher base offense level under § 2D1.1. We initially note that the probation officer misstated in the presentence investigation report that Peters had been convicted of the underlying distribution charge. But this error is not an error that matters: the district court at sentencing determined independently that, based on the trial testimony, Peters "unquestionably" had participated in the underlying drug offense. The district

court stated that it credited trial testimony (1) that Peters sold drugs from her home and (2) that Peters divided large amounts of drugs into smaller quantities which eventually were sold from her home. Our review of the trial evidence supports the district court's determination that Peters did participate in the underlying drug offense. The lower base offense level under § 2D1.8(a)(2) is available only to defendants who did not participate in the underlying drug offense other than allowing use of the premises. The district court committed no error by sentencing Peters under the higher base offense level contained in § 2D1.1 and by not applying the reduced offense level under § 2D1.8(a)(2).[1]

Peters next argues that the district court erred, under <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004),[2] by enhancing her sentence two levels for possessing a firearm because this factor was not charged in the indictment and the jury made no

[1] Peters does not challenge the drug quantity determination -- based on 12 kilograms of cocaine base and 250 grams of powder cocaine -- used to arrive at the base offense level of 38.

[2] In <u>Blakely</u>, the Supreme Court struck down an upward departure imposed under the State of Washington's sentencing system that was based solely on judicial factfinding, clarifying that the relevant "statutory maximum for <u>Apprendi</u> purposes is the maximum a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 124 S.Ct. at 2534-38 (emphasis omitted). But the Court stated that it was expressing "no opinion" about the Federal Sentencing Guidelines. <u>Id.</u> at 2538 n.9.

Then in <u>Booker v. United States</u>, 125 S.Ct. 738 (2005), the Supreme Court concluded that <u>Blakely</u> applied to the Federal Sentencing Guidelines. 125 S.Ct. at 755. The Court determined that the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the <u>mandatory</u> federal guidelines, imposes a sentence greater than the maximum authorized by the facts found by a jury alone or established by a guilty plea. <u>See Booker</u>, 125 S.Ct. at 749-50, 755-56. We thus consider Peters's claim in the light of <u>Booker</u>.

determination. Peters made no constitutional objection to the district court's application of the Sentencing Guidelines: we review this issue only for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). On plain error review, a defendant must show "error" that is "plain" and that "affect[s] substantial rights." United States v. Olano, 113 S.Ct. 1770, 1776 (1993). It is only after these conditions have been satisfied that an appellate court then may exercise its discretion and correct the error if it seriously affects the fairness, integrity or public reputation of the judicial proceedings. Id.

Peters's sentence was enhanced under a mandatory guidelines system, as a result of facts the district court found but Peters did not admit. These facts, which included Peters's firearm possession, increased her base offense level. Blakely/Booker error exists, and this error was plain. See Rodriguez, 398 F.3d at 1298-99. But Peters bears the burden of persuading us that this error caused her prejudice: she cannot survive plain-error analysis unless she can show "a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge." Id. at 1299, 1301.

Peters has not satisfied the third element of plain error review. Nothing in the record indicates that the district court might have imposed a different sentence

had the guidelines been advisory only. We are aware that the district court sentenced Peters at the bottom of the guideline range. But the district court stated (1) that it fully considered the factors in 18 U.S.C. § 3553(a) and (2) that this sentence "meets the goals of punishment and general deterrence and reflects the extent and nature of [Peters]'s participation in the offense of conviction." Peters has not shown "a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion." Rodriguez, 398 F.3d at 1301. Thus, Peters has failed to establish prejudice, the third element of plain error review: we affirm her sentence.

AFFIRMED.