[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12897
Non-Argument Calendar

_____

D. C. Docket No. 03-00001-CR-4-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATALIE COTTON PETERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 24, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Pro se Defendant Natalie Peters ("Defendant") appeals the district court's denial of her 18 U.S.C. § 3582(c)(2) motion for sentence reduction. The district court did not abuse its discretion by denying Defendant's motion; we affirm.

In 2003, Defendant was convicted of one count of making a residence available for the distribution and storage of cocaine and crack in violation of 21 U.S.C. §§ 856(a)(2),(b). Before sentencing, the probation officer determined that Defendant was involved with more than 12 kilograms of crack cocaine and more than 250 grams of powder cocaine, which corresponded to a base offense level of 38. Defendant received a two-level increase for possessing a dangerous weapon or firearm, see U.S.S.G. § 2D1.1(b)(1), and a four-level decrease because she was a "minimal participant" in the criminal activity. Id. at § 3B1.2(a). Thus, the pre-sentence investigation report ("PSI") listed Defendant's total offense level as 36, her criminal history category as I, and her guideline range as 188 to 235 months. She was sentenced to 188 months' imprisonment.

Defendant's conviction and sentence were affirmed on direct appeal.[1] See United States v. Peters, 147 Fed. Appx. 149 (11th Cir. 2005). In 2008, Defendant

_____

[1]On appeal, this court acknowledged that the PSI misstated Defendant's conviction as distribution. Peters, 147 Fed. Appx. at 151. But because evidence in the record "unquestionably" suggested Defendant's participation in the underlying drug offense and because Defendant did not challenge the amount of drugs attributed to her, we affirmed Defendant's base offense level of 38.

filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), arguing that the court could reduce Defendant's sentence based on Amendment 706, through which the U.S. Sentencing Commission retroactively lowered base offense levels for certain crack cocaine offenses. The district court denied the motion. We later denied, without prejudice, the government's motion to remand.

Now, Defendant for the first time argues that her base offense and total offense levels were wrongly calculated at her initial sentencing: the probation officer failed to give Defendant an eight-level base-offense reduction for being a minimal participant. See Amendment 640 (2002) (modifying U.S.S.G. § 2D1.1(a)(3) to provide maximum base offense level of 30 for mitigating-role adjustment). As a consequence, she says her base offense level should have been 30 instead of 36, resulting in a lower guideline range. See U.S.S.G. § 2D1.8(a)(2) (allowing use of premises for drug offense). Defendant also argues that her counsel was ineffective for failing to recognize the proper sentence reduction under Amendment 640, which was in effect when she was sentenced. Defendant asks the court to modify, or to remand for modification, her PSI and to recalculate her guideline range pursuant to the court's authority under section 3582(c)(2).

The government admits that Defendant's original sentence was miscalculated; Amendment 640 should have reduced Defendant's base offense

3

level to 30 and her guideline range to 78 to 97 months. The government contends, however, that Defendant is ineligible for a section 3582 reduction under Amendment 706 and that we have no authority under section 3582 to vacate and remand the case for resentencing.

We review a district court's denial of a motion to reduce sentence under 18 U.S.C. § 3582(c)(2) for an abuse of discretion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). We review a court's jurisdiction de novo. United States v. Cartwright, 413 F.3d 1295, 1299 (11th Cir. 2005).

Here, the district court did not abuse its discretion by denying Defendant's section 3582 motion. Under section 3582(c)(2),  a district court may modify the sentence of a defendant whose sentencing range was later lowered by the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 706, which applies retroactively, provides a two-level reduction in base offense level for certain crack cocaine offenses involving defendants responsible for between 1.5 and 4.5 kilograms of crack cocaine. But even after passage of Amendment 706, the base offense level for defendants responsible for 4.5 or more kilograms of crack cocaine remained at 38. U.S.S.G. § 2D1.1(c)(1). Because 12 kilograms of crack were attributed to Defendant, her base offense level of 38 and her guideline range remained the same. Therefore, she was not eligible for a sentencing reduction

under Amendment 706. Id.; see also United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (affirming district court's denial of section 3582(c)(2) motion because defendant responsible for more than 4.5 kilograms of crack).[2] The district court did not abuse its discretion by denying Defendant's motion.

Moreover, we do not have jurisdiction under section 3582 to modify Defendant's sentence, irrespective of the downward departure the government concedes that she should have received under Amendment 640. Defendant did not raise this argument to the district court; so, we review it only for plain error. See Moreno, 421 F.3d at 1220. Because Amendment 640 was in effect at the time of Defendant's original sentencing, section 3582 provides no authority to correct the sentencing error related to Amendment 640.[3] See id. (section 3582 permits modification only when sentencing range subsequently lowered by Commission). Thus, the district court did not plainly err by denying Defendant's motion.[4]

---

[2]Contrary to Defendant's argument, neither United States v. Booker, 125 S. Ct. 738 (2005), nor Kimbrough v. United States, 128 S. Ct. 558 (2007), "address motions to reduce a sentence under § 3582(c)(2)." United States v. Melvin, 556 F.3d 1190, 1192–93 (11th Cir. 2009).

[3]But see United States v. Melendez-Perez, 467 F. Supp. 2d 169, 175–76 (D. Puerto Rico 2006) ("in light of [] unusual circumstances" and "strictly within the confines of this rare and unusual situation," the district court modified sentence to comport with Amendment 640 even though it was in effect at the time defendant's sentencing).

[4]Although we decline to remand Defendant's case for resentencing, the government made clear its intention to file, upon conclusion of this appeal, a 28 U.S.C. § 1651 motion by which the district court may correct the sentencing error.

Accordingly, we AFFIRM the district court's denial of Defendant's section 3582 motion and DENY her motion for appointment of counsel.

AFFIRMED.

MOTION DENIED.