[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13228
Non-Argument Calendar
_____

D. C. Docket No. 91-00010-CR-002-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLEVELAND HANKERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(March 19, 2007)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Cleveland Hankerson appeals, <u>pro se</u>, the district court's denial of his motion

for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Because Hankerson was not sentenced based on a sentencing range that was subsequently lowered, § 3582(c)(2) does not apply, and we AFFIRM.

Hankerson filed a motion in the district court seeking to modify his sentence under 18 U.S.C. § 3582(c)(2), which provides that "in the case of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the court may, upon motion of the defendant, reduce the term of imprisonment. Hankerson argued that Amendment 591 to the United States Sentencing Guidelines, which was enacted after his sentencing, lowered the guideline range under which he was sentenced. Therefore, Hankerson argued, § 3582(c)(2) applies and he is eligible for a reduction of his sentence. After considering Hankerson's motion, a magistrate judge recommended denying it on the ground that Hankerson was sentenced under U.S.S.G. § 4B1.1, the career offender provision, which was not affected by Amendment 591. The district court adopted the magistrate judge's report and recommendation over Hankerson's objection, denying the motion. Hankerson appeals.

A district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) is reviewed for abuse of discretion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam) (citation omitted). Section

2

3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues." United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000). Rather, § 3582(c)(2) only permits the district court to modify a sentence if the defendant's sentencing range was subsequently lowered by an amendment to the guidelines.

Amendment 591, upon which Hankerson based his motion, affected the way a district court determines the applicable offense guideline in cases where the defendant is sentenced under Chapter Two of the sentencing guidelines. See U.S.S.G. Amend. 591; Moreno, 421 F.3d at 1219-20. Though Hankerson was convicted of an offense that otherwise qualified for sentencing under Chapter Two of the guidelines, he was ultimately sentenced under Chapter Four of the guidelines, specifically, § 4B1.1. Amendment 591 did not affect the application of § 4B1.1, and therefore did not lower the sentencing range under which Hankerson was sentenced. See U.S.S.G. Amend. 591. Indeed, had Hankerson been sentenced after the enactment of Amendment 591, his guideline range would have been the same. Thus, Hankerson was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and § 3582(c)(2) does not apply. We find that the district court did not abuse its discretion in denying Hankerson's motion for a reduction of sentence

3

under § 3582(c)(2).

Because Hankerson was sentenced as a career offender under U.S.S.G. § 4B1.1, Amendment 591 did not affect the guideline range under which he was sentenced, and 18 U.S.C. § 3582(c)(2) does not apply. Therefore, district court properly denied the motion, and we **AFFIRM**.