[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12590
Non-Argument Calendar

_____

D. C. Docket No. 98-00002-CR-KD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK THOMAS ENRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(December 14, 2007)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Patrick Enright, a pro se federal prisoner, appeals the denial of his motion

for a reduction of his sentence. See 18 U.S.C. § 3582(c)(2). In 1997 and 1998, Enright pleaded guilty to three counts of bank robbery, see 18 U.S.C. § 2113(a), and one count of possession of a firearm by a convicted felon, see 18 U.S.C. § 922(g), and was sentenced to 180 months of imprisonment. Enright argues that Amendments 591 and 599 to the United States Sentencing Guidelines provide a basis to reduce his sentence. We disagree with Enright and affirm.

We review the decision of a district court not to reduce a sentence, see 18 U.S.C. § 3582(c)(2), for an abuse of discretion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). A court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may, however, reduce the term of imprisonment when the sentencing range on which the sentence was based "has subsequently been lowered by the Sentencing Commission," the court has considered "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable," and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(2).

The applicable policy statement, United States Sentencing Guideline § 1B1.10(a), provides that a reduction in sentence is warranted when a guideline range has been lowered for a listed amendment:

2

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment . . . is not consistent with this policy statement and thus is not authorized.

United States Sentencing Guidelines § 1B1.10(a) (Nov. 2006). Amendments 591 and 599 are listed as amendments covered by the policy statement. Id. § 1B1.10(c).

Enright first argues that the upward departure imposed by the district court based on its finding that the criminal history category calculated in the presentence investigation report did not "adequately reflect the seriousness of [Enright's] past criminal conduct or the likelihood that [Enright would] commit other crimes," see U.S.S.G. § 4A1.3 (Nov. 1997), violated Amendment 591. Amendment 591 became effective November 1, 2000, and modified section 1B1.1(a) of the Sentencing Guidelines by replacing the existing language with the following rule for the initial selection of the offense guideline: "Determine, pursuant to § 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. See § 1B1.2." U.S.S.G. app. C, amend. 591 (Nov. 2006). "Amendment 591 requires that the initial selection of the offense guideline be based only on the statute or offense of conviction rather than

3

on judicial findings of actual conduct not made by the jury." Moreno, 421 F.3d at 1219.

The district court did not abuse its discretion when it rejected Enright's argument. Amendment 591 addressed only the initial selection of the appropriate offense guideline from Chapter 2 of the Sentencing Guidelines and did not affect the authority of a district court to depart upward from the Guidelines range under Chapter 4 of the Sentencing Guidelines. The district court identified the applicable Guidelines range from Chapter 2 based on Enright's offenses of conviction and then departed upward from that range under Chapter 4 of the Sentencing Guidelines. To the extent Enright argues that the district court erred when it calculated Enright's criminal history and imposed an upward departure, these arguments do not rely on an amendment to the Sentencing Guidelines and are invalid bases for a reduction of Enright's sentence under section 3582(c)(2).

Enright next argues that Amendment 599 lowered the sentencing range on which his sentence was based. Amendment 599 became effective November 1, 2000, and amended the commentary to section 2K2.4, which provides the base offense level for individuals who have committed certain firearm offenses. See U.S.S.G. app. C, amend. 599; id. § 2K2.4 (provides base offense level for firearm convictions under sections 844(h), 924(c), or 929(a). Amendment 599 was

4

intended to prevent double counting for firearm use in a single criminal event, United States v. Pringle, 350 F.3d 1172, 1180 (11th Cir. 2003), but does not apply when the defendant's sentence was not increased because of possession of a firearm.  See United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003).

The district court again did not abuse its discretion.  Amendment 599 does not apply to Enright.  Enright did not receive a weapons enhancement on any of his bank robbery charges and was not sentenced for committing any of the offenses to which Amendment 599 applies.  Enright instead was sentenced for possession of a firearm by a felon under section 922(g).

The denial of Enright's motion to reduce his sentence is

**AFFIRMED.**