[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15950
Non-Argument Calendar

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**August 26, 2005**
**THOMAS K. KAHN**
**CLERK**

D. C. Docket No. 95-00091-CR-002

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW MARK MORENO,
a.k.a. Diamond,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(August 26, 2005)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Matthew Mark Moreno, proceeding *pro se*, appeals the denial of his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2). On appeal, Moreno

challenges the district court's findings that (1) Amendment 591 to the Sentencing Guidelines does not provide a basis to reduce his sentence, and (2) *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), does not provide a jurisdictional basis for the district court to consider his post-sentencing rehabilitative efforts in a § 3582(c)(2) motion.

I.

In January 1996, Morena was convicted of conspiracy to possess with intent to distribute, in violation of 21 U.S.C. § 846 and possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The jury also returned a verdict of forfeiture in the amount of $100,000. Moreno was sentenced to 360 months imprisonment and a five year supervised release term. This court affirmed his sentence. *United States v. Moreno*, 130 F.3d 443 (11th Cir. 1997).

Moreno now argues that Amendment 591 retroactively prohibits the district court from selecting the base offense level pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2D1.2 where the judge (not the jury) found the requisite drug quantity used in determining the appropriate base offense level under the applicable offense guideline. He contends, as he did in the district court, that his base offense level should have been 24, according to the jury verdict in his case, which did not reference a drug quantity. He admits that § 2D1.1 was the

2

appropriate offense guideline, but argues that the district court's selection of a base offense level of 38 within § 2D1.1 was improper because the offense level was not based solely on the jury verdict.

We review a district court's decision not to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003).

## II.

Generally, a district court may not modify a term of imprisonment once imposed; however, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," upon a defendant's motion, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 of the Sentencing Guidelines states, "[w]here a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. §3582(c)(2)." U.S.S.G.

3

§ 1B1.10(a). Amendment 591 is listed as an amendment covered by the policy statement. U.S.S.G. § 1B1.10(c).

Amendment 591 requires that the initial selection of the offense guideline be based only on the statute or offense of conviction rather than on judicial findings of actual conduct not made by the jury. *See* U.S.S.G. App. C, amend. 591 (2003). Amendment 591 explains that the change was designed to clarify whether enhanced penalties provided by U.S.S.G. § 2D1.2 (relating to drug offenses near protected locations or involving underage or pregnant individuals) apply only where the offense of conviction is referenced to that guideline, or whether such enhanced penalties can be used whenever a defendant's relevant, uncharged conduct includes drug sales in a protected location or drug sales involving a protected individual. *Id.* Specifically, "in order for the enhanced penalties in § 2D1.2 to apply, the defendant must be convicted of an offense referenced to § 2D1.2, rather than simply have engaged in conduct described by that guideline." *Id.* In short, Amendment 591 directs the district court to apply the guideline dictated by the statute of conviction, but does not constrain the use of judicially found facts to select a base offense level within the relevant guideline. *See id.*

We have not addressed in this circuit Amendment 591 in the context of a § 3582(c)(2) motion. The Second Circuit has, however, addressed the issue and

held that "Amendment 591 applies *only* to the choice of the appropriate offense guideline, not to the selection of the base offense level" set forth by the guideline. *United States v. Rivera*, 293 F.3d 584, 586 (2d Cir. 2002); *see also United States v. Hurley*, 374 F.3d 38, 40-41 (1st Cir. 2004). The argument "that Amendment 591 governs the selection of the base offense level within the offense guideline selected . . . confuses two distinct steps taken to arrive at a guidelines sentence: [1] selection of the applicable *offense guideline*, and [2] selection of the *base offense level* within that applicable offense guideline." *Id*. We agree with the reasoning of our sister circuits and hold that because Amendment 591 only applies to the selection of the relevant offense guideline, not the selection of a base offense level within the applicable offense guideline, the district court did not abuse its discretion by denying Moreno's § 3582(c)(2) motion.

## III.

Moreno argues that the district court was previously constrained by 18 U.S.C. § 3553(b), which made the guidelines mandatory, from reducing his sentence based on his post-sentencing rehabilitative efforts. Moreno asserts for the first time on appeal that, after *Booker*, the guidelines are no longer binding, so this case should be remanded to allow the district court to determine whether a reduction under § 3582(c)(2) is warranted.

5

When a defendant fails to raise an error in the district court, we may not correct the error "unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Fields*, 408 F.3d 1356, 1360 (11th Cir. 2005) (quotation omitted).

Section 3582 only provides a district court with the discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "[A] sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). "*[A]ll* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *Id*.

We have held that *Booker* does not apply retroactively to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). We have also held that the Supreme Court has not made *Booker* retroactively available on collateral review for purposes of authorizing a second or successive § 2255 motion. *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005).

After reviewing the record, we conclude that the district court did not plainly

err by determining that § 3582(c)(2) did not provide a jurisdictional basis to reduce Moreno's sentence based on his post-sentencing rehabilitative conduct. Further, *Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, *Booker* is inapplicable to § 3582(c)(2) motions. The district court did not plainly err by determining that neither § 3582(c)(2) nor *Booker* provided a jurisdictional basis to reduce Moreno's sentence based on his post-sentencing rehabilitative conduct.

For the foregoing reasons, we affirm the district court's order denying Moreno's motion for sentence reduction and Moreno's sentence.

**AFFIRMED.**