[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**December 27, 2005**
**THOMAS  K. KAHN**
**CLERK**

_____

No. 05-12489
Non-Argument Calendar

_____

D. C. Docket No. 97-00001-CR-ORL-19-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MIGUEL DIEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 27, 2005)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

In this case, appellant was convicted of conspiracy to possess with intent to

distribute marijuana and cocaine, in violation of 21 U.S.C. § 846. The district court, adopting the presentence report's Sentencing Guidelines determination, set appellant's base offense level at 43 after applying the cross-reference in U.S.S.G. § 2D1.1(d)(1), which required the court to use U.S.S.G. § 2A1.1 because a victim was killed under circumstances that would constitute murder. Appellant's criminal history category was II, which, at offense level 43, called for a life sentence of imprisonment. The court sentenced appellant to life imprisonment (after overruling appellant's objection to the court finding the relevant murders by a preponderance of the evidence).

Appellant appealed his conviction. We affirmed. United States v. Ridgeway, No. 97-2927 (11th Cir. July 22,1998),

On April 20, 2005, appellant moved the district court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), contending that he was entitled to have his sentence reduced under Amendment 591 to the United States Sentencing Guidelines, which provide that when the court determines the guideline applicable to the offense conduct, the court must refer to the guideline referenced in the statutory index for the offense of conviction. He argued that he had been convicted of a 18 U.S.C. § 846 conspiracy but sentenced pursuant to the guideline applicable to murder in the first degree. The court denied the motion without explanation, and

2

he now appeals.

Pursuant to 18 U.S.C. § 3582(c)(2), upon the motion of a defendant sentenced to a term of imprisonment based on a sentence range that was subsequently lowered by the Sentencing Commission, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Guidelines explicitly state that Amendment 591 can be retroactively applied upon a motion under 18 U.S.C. § 3582(c)(2). U.S.S.G. §§ 1B1.10(a),(c). In relevant part, "Amendment 591 requires that the initial selection of the offense guideline be based only on the statute or offense of conviction rather than on judicial findings of actual conduct not made by the jury." United States v. Moreno, 421 F.3d 1217, 1219-20 (11th Cir. 2005) (holding that Amendment 591 only applies to the selection of the applicable offense guideline, not the selection of the appropriate base offense level within that guideline); U.S.S.G. App. C, amend. 591 (2003).

According to Appendix A of the Sentencing Guidelines, § 2D1.1 is an appropriate guideline to apply when a defendant has been convicted of an offense covered under 21 U.S.C. 846. Section 2D1.1(d)(1) states that "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 . .

., apply §2A1.1 (First Degree Murder)." Section 2A1.1 provides a base offense level of 43.

Because the district court chose the correct base offense guideline, and Amendment 591 does not prevent the court from using offense conduct other than the offense of conviction to apply a cross-reference within the applicable guideline for the offense of conviction, the court did not abuse its discretion in denying appellant's motion to modify his sentence.

AFFIRMED.