[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-13775
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 11, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 95-00010-CR-AAA-16-4

UNITED STATES OF AMERICA,

                                                  Defendant-Appellant,

                          versus

TONY RILEY,

                                                  Plaintiff-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

**(January 11, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

The Government appeals the district court's grant of relief under 18 U.S.C. § 3582(c)(2) reducing Tony Riley's sentence from 292 months to 151 months. The Government asserts the district court erred when it reduced Riley's sentence under § 3582(c)(2) because Amendment 668 could not have triggered the application of the statute. The district court erred, and we reverse.

## I. BACKGROUND

Riley, a *pro se* prisoner, filed a "Letter under the Compassion Rule for Reduction of Sentence." The Government did not file an immediate response to Riley's letter. The district court interpreted Riley's letter as a motion and granted a reduction in Riley's sentence. Specifically, the district court concluded the Rule of Lenity did not apply to Riley's case, and that Riley's sentence was not unconstitutional under *United States v. Booker*, 125 S. Ct. 738 (2005); however, Riley's sentence was due to be modified under § 3582, which permits the modification of a sentence when the applicable sentencing range is subsequently reduced by a Guidelines amendment. The district court expressly stated, "it would sentence Riley to a different term of incarceration if the case were before it today."

In reducing Riley's sentence, the district court began at an offense level of 40, the offense level under which Riley was originally sentenced. It found Riley's limited participation in the drug conspiracy qualified him for a 2 level reduction,

2

pursuant to § 3B1.2(b), and his offense level would be an additional 4 levels lower, pursuant to § 2D1.1(a)(3) as amended under Amendment 668,[1] creating an offense level of 34, which with Riley's criminal history category of I, yielded an imprisonment range of 151 to 188 months. The court concluded § 3582(c)(2) allowed a court to reduce a term of imprisonment if the defendant was sentenced to a term of imprisonment based on a range that has been subsequently lowered, but the court should consider any applicable § 3553(a) factors. The district court then considered the nature and circumstances of the offense, the history and characteristics of Riley, just punishment for Riley, and the need to avoid sentence disparity. It concluded Riley was a minor participant and it was unjust to punish him longer than the leader of the conspiracy, who was sentenced to only 265 months. The court observed Riley received the longest sentence compared to the sentences of his co-conspirators. According to the court, the new range of imprisonment would adequately deter Riley and still protect the public, and further incarceration of Riley would not serve any rehabilitation purposes. The district court acknowledged the policy statements limiting retroactivity of amendments but

---

[1] Amendment 668 modified the maximum base offense levels for certain offenders convicted for drug offenses. U.S.S.G. App. C, Amdt. 668. This Amendment eliminated the mitigating-role cap of § 2D1.1(a)(3), and, in order to address proportionality concerns, inserted a sliding scale in both § 2D1.1 and § 2D1.11, so that a person receiving a mitigating role reduction would receive a corresponding reduction in his base offense level. *Id.*

interpreted those policy preferences expressed by the Sentencing Commission as only advisory after *Booker*. The district court then granted Riley's motion and reduced his sentence to 151 months.

The Government moved for reconsideration, contending that neither Amendment 668 nor the *Booker* holding applied retroactively so as to trigger § 3582(c)(2)'s provisions. The Government argued Riley's sentence could not legally be reduced under § 3582(c)(2) based on Amendment 668 because that amendment is not included under U.S.S.G. § 1B1.10(c), which provides a finite list of amendments which may be made the subject of a § 3582(c)(2) motion.

The district court denied the Government's motion for reconsideration, concluding the Government's legal argument was misplaced. It agreed Riley could not use § 3582 to attack the constitutionality of his sentence via *Booker*, but the court distinguished that approach to the instant one. The court found it was only required to consider policy preferences expressed by the Sentencing Commission. The court concluded as the Guidelines were now advisory in nature, Riley's sentence reduction was not precluded.

## II. DISCUSSION

Generally, a court may not modify an imposed sentence unless there are exceptional circumstances. *See* 18 U.S.C. § 3582(c). However, when

4

a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(2).

The Guidelines policy statement provides

[w]here a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).

U.S.S.G. § 1B1.10(a). Amendments covered by this policy statement are: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, and 657. *Id.* §1B1.10(c). Only those amendments which lower the applicable Guideline range and are listed in § 1B1.10(c) trigger eligibility for consideration under § 3582(c)(2). *Id.* § 1B1.10, comment. (n. 1). "Failure to follow such commentary could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal." *Id.* § 1B1.7.

The district court clearly erred in reducing Riley's sentence. 18 U.S.C. § 3582(c)(2) provides a reduction in sentence must be *consistent with* applicable policy statements issued by the Sentencing Commission. The Guidelines list

5

specific amendments covered, and Amendment 668 is not included. *See* U.S.S.G. 1B1.10(c). Thus, a reduction pursuant to Amendment 668 is *not* consistent with the Guidelines.

The district court's reasoning that the Guidelines are now advisory is misplaced. The authority to reduce the sentence comes from 18 U.S.C. § 3582, and this statute was not affected by *Booker* and the advisory nature of the Guidelines post-*Booker*. Further, we have held *Booker* is not applicable to § 3582(c)(2) motions. *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). Therefore, the district court clearly erred by granting a reduction to Riley's sentence based on Amendment 668 and the advisory Guidelines, and by denying the Government's motion for reconsideration.

## III. CONCLUSION

In accordance with the foregoing reasons, we reverse the modification of Riley's sentence and remand the case to the district court with instructions to reinstate his previously imposed sentence.

**REVERSED and REMANDED.**