[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-15323
Non-Argument Calendar

_____

D. C. Docket No. 89-06101-CR-JCP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL ALEBORD,
a.k.a. Paul Tallini,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 6, 2007)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Federal prisoner Paul Alebord appeals the district court's order denying his motion to modify his sentence, pursuant to 18 U.S.C. § 3582(c)(2). In 1990, Alebord was convicted of one count of possession with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (2), and sentenced to 360 months' imprisonment, in accordance with the then-mandatory Sentencing Guidelines provisions. Alebord contends he should be resentenced because the Supreme Court subsequently held the Sentencing Guidelines are advisory in *United States v. Booker*, 125 S. Ct. 738 (2005).

With limited exceptions, a district court may not modify a term of imprisonment once it has been imposed. One exception is "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," where, "upon motion of the defendant . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

We previously held *Booker* is not a retroactively applicable Guidelines amendment by the Sentencing Commission, and is not a ground on which a defendant's sentence can be reduced pursuant to § 3582(c)(2). *United States v.*

2

*Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). Thus, the district court did not abuse its discretion by denying Alebord's motion to modify his sentence. *See id.* at 1219 (reviewing a district court's decision not to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion).

**AFFIRMED.**