[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 13, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-12034
Non-Argument Calendar

_____

D. C. Docket No. 94-06228-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDOLPH WELLINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 13, 2008)**

Before BARKETT, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

Rudolph Wellington, pro se, appeals the district court's denial of his 18 U.S.C. § 3582 motion to modify his sentences. Following a jury trial, Wellington was convicted of carjacking, in violation of 18 U.S.C. §§ 2119, 2 ("Count One"); and use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c) ("Count Two"). At a resentencing hearing, the district court imposed a 128-month term of imprisonment on Count One, to be followed by a 60-month term on Count Two, or a total custodial term of 188-months. Before the district court, Wellington argued that his total sentence should be reduced retroactively pursuant to Amendment 599 of the Sentencing Guidelines. The district court declined to do so, and we liberally construe Wellington's pro se brief to challenge this on appeal.[1] See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (discussing that pro se filings are entitled to liberal construction). Wellington further argues that the district court erred in denying his motion to modify because his trial counsel was ineffective, or because his sentences violated his due process and Eighth Amendments rights, the Double Jeopardy clause of the Constitution, and United States v. Booker, 543 U.S. 220,

---

[1] We reject the government's argument on appeal that we lack jurisdiction over this appeal because Wellington filed his motion to modify under Fed.R.Civ.P. 60(b). Wellington explicitly requested in his present motion that the district court "modify his sentence under Title 18 [U.S.C.] § 3582(c)(2)," and he asserted that the court could exercise subject matter jurisdiction over his case pursuant to that statute. Moreover, he did not mention Fed.R.Civ.P. 60(b) in his present motion to modify. Thus, we conclude that Wellington properly filed his modification motion according to § 3582(c)(2).

125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

I.

We generally review a district court's decision not to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). However, where the issue presented involves a purely legal interpretation of a sentencing guideline, our review is de novo. United States v. Pringle, 350 F.3d 1172, 1178 (11th Cir. 2003).

A district court ordinarily lacks subject matter jurisdiction to modify a term of imprisonment once imposed. Moreno, 421 F.3d at 1219. However, 18 U.S.C. § 3582 creates an exception:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).[2]

_____

[2]A second exception – involving motions to vacate under 28 U.S.C. § 2255 – is not applicable here because the district court denied such a motion by Wellington, on the merits, in April 2001, and he did not obtain leave from us to file a successive motion, as required by 28 U.S.C. § 2255, cross-referencing 28 U.S.C. § 2244 (as amended).

The Sentencing Commission, through the Sentencing Guidelines, has stated that "[w]here a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a). Amendment 599, which became effective in November 2000, after Wellington was resentenced, is listed as an amendment covered by the policy statement pursuant to U.S.S.G. § 1B1.10(c). Pringle, 350 F.3d at 1179. This amendment "was enacted in order to clarify under what circumstances a weapons enhancement may properly be applied to an underlying offense when the defendant has also been convicted for the use or possession of a firearm pursuant to 18 U.S.C. § 924(c)." Id.

As amended by Amendment 599, Application Note 4 to § 2K2.4 now provides:

> If a sentence under this guideline [U.S.S.G. § 2K2.4] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.
>
> . . .
>
> In a few cases . . . the offense level for the underlying

4

offense . . . may result in a guideline range that, when combined with the mandatory consecutive sentence under [18 U.S.C. § 924(c)] . . . produces a total maximum penalty that is less than the maximum of the guideline range that would have resulted had there not been a count of conviction under . . . § 924(c) . . . . In such a case, an upward departure may be warranted so that the conviction under . . . § 924(c) . . . does not result in a decrease in the total punishment. An upward departure under this paragraph shall not exceed the maximum of the guideline range that would have resulted had there not been a count of conviction under . . .§ 924(c)[.]

U.S.S.G. § 2K2.4, app. n.4.

Upon review of the record, and upon consideration of the briefs of the parties, we find no reversible error. The district court properly denied Wellington's motion to modify his sentences pursuant to Amendment 599. The district court, in calculating Wellington's adjusted offense level for Count One at the resentencing hearing, did not apply a specific offense characteristic for possession, brandishing, using, or discharging a firearm, pursuant to U.S.S.G. § 2B3.1(b)(2). To the contrary, the district court applied a six-level enhancement, pursuant to U.S.S.G. § 2B3.1(b)(3)(C), because the victim sustained permanent bodily injury.

Moreover, while the district court applied an upward departure under U.S.S.G. § 2K2.4 (1993 amendments), it complied fully with that guideline's requirement that an upward departure not exceed the maximum of the sentencing

5

range that would have resulted had there not been a count of conviction under § 924(c).[3] Specifically, the court imposed a total resentence of 188 months' imprisonment, which would have been the very top of Wellington's sentencing range had he not been convicted of Count Two (the § 924(c) offense), given that his adjusted offense level would have been 34 (based on the 29 points described in the PSI and a maximum of 5 additional points for discharging a firearm),[4] and his criminal history category was I.

Thus, because Amendment 599 was not applicable, the district court properly denied Wellington's present § 3582 motion.

## II.

We also conclude that Wellington's other constitutional, Booker, and ineffective assistance claims lack merit. First, Wellington did not include an

---

[3] U.S.S.G. § 2K2.4, cmt. n.2, provided, in relevant part, that "[i]n a few cases, the offense level for the underlying offense . . . may result in a guideline range that, when combined with the mandatory consecutive sentence under [18 U.S.C. § 924(c)] . . . produces a total maximum penalty that is less than the maximum of the guideline range that would have resulted had there not been a count of conviction under . . . § 924(c) . . . . In such a case, an upward departure may be warranted so that the conviction under . . . § 924(c) . . . does not result in a decrease in the total punishment. An upward departure under this paragraph shall not exceed the maximum of the guideline range that would have resulted had there not been a count of conviction under . . . § 924(c)[.]"

[4] A five-level enhancement for discharging the firearm was the maximum enhancement that could be applied because, under U.S.S.G. § 2B3.1(b)(3), the cumulative enhancements from subsections (2) and (3) of U.S.S.G. § 2B3.1(b) could not exceed 11-levels, and the district court already had applied a 6-level increase under subsection (b)(3) because the victim sustained permanent bodily injury.

Eighth Amendment or ineffective assistance claim in his § 3582 motion, but only raised them in his "Motion to Issue C.O.A. or Make Alternative Finding," which was attached to his notice of appeal. Second, even if these two claims were raised below or are otherwise properly preserved on appeal, neither of them, nor his other constitutional or Booker claims, involves a retroactively applicable guideline amendment by the Sentencing Commission, and so they fall outside the scope of § 3582, and the district court lacked subject matter jurisdiction to consider them. See, e.g., Moreno, 421 F.3d at 1220 ("Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to § 3582(c)(2) motions"). Finally, as discussed previously, Wellington's § 3582 motion cannot be liberally construed as a § 2255 motion, since he had unsuccessfully sought habeas relief previously, and had not received permission from this Court to file a successive motion.

**AFFIRMED.**