[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16431
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 11, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 95-00430-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 11, 2008)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Robert Butler, a federal prisoner proceeding pro se, appeals from the district court's denial of his 18 U.S.C. § 3582(c) motion to modify his 360-month sentence, based on guideline Amendment 506, which addressed the definition of

"Offense Statutory Maximum" in U.S.S.G. § 4B1.1 cmt. n.2. On appeal, Butler argues that the district court erred by denying his § 3582(c) motion without recalculating his guideline range under the amendment, and that the record did not support the denial. After careful review, we affirm.

We review a district court's order denying a sentence reduction, pursuant to § 3582(c)(2), for abuse of discretion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005).

Under the Guidelines, the offense level of a career offender is generally determined by reference to his offense statutory maximum. See U.S.S.G. § 4B1.1. Amendment 506, effective November 1, 1994, changed the definition of "offense statutory maximum" so that it included only the basic statutory maximum, rather than a maximum that had been increased by virtue of the defendant's prior convictions:

> 'Offense Statutory Maximum,' for the purposes of [§ 4B1.1] refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), (b)(1)(C), and (b)(1)(D)). For example, where the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the 'Offense Statutory

2

Maximum' for the purposes of this guideline is twenty years and not thirty years.

U.S.S.G. App. C, Amend. 506 (emphasis added). Applying this amendment, Butler contends that when he was sentenced in July 1997, the sentencing enhancements should <u>not</u> have been included in determining his offense level for purposes of U.S.S.G. § 4B1.1. Thus, he says, his offense level should have been 32, rather than 37.

Yet in May 1997, the Supreme Court held that Amendment 506 violated the plain language of 28 U.S.C. § 944(h) because that section required that "offense statutory maximum" must include sentencing enhancement provisions. <u>United States v. LaBonte</u>, 520 U.S. 751, 757-62 (1997). In response to <u>LaBonte</u>, the Commission issued Amendment 567, which amended § 4B1.1 cmt. n.2 to specify that "offense statutory maximum" includes sentencing enhancement provisions. <u>See</u> U.S.S.G. App. C, Amend. 567.

We find no merit to Butler's argument that the district court abused its discretion in denying his § 3582(c) motion. Under Section 3582(c)(2), a district court may modify a defendant's previously imposed sentence, after considering the 18 U.S.C. § 3553(a) factors, when the term of imprisonment was based on a guideline range that was <u>subsequently lowered</u> by the Sentencing Commission, as long as the reduction is consistent with the Commission policy statements. 18

3

U.S.C. § 3582(c)(2). Here, however, Amendment 506 -- which Butler now claims was retroactively applicable to him -- was in place in July 1997, when he was sentenced. As a result, that amendment could not have been retroactively applicable to him, and he therefore is not entitled to relief under Section 3582(c). Moreover, at the time he was sentenced, the Supreme Court had already invalidated Amendment 506, and the district court correctly calculated Butler's sentence based on the guidelines that were valid and applicable to him at that time. Accordingly, the district court did not abuse its discretion in denying Butler's § 3582(c) motion, and we affirm.

**AFFIRMED.**