[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12193
Non-Argument Calendar

_____

D. C. Docket No. 92-00035-CR-ORL-19-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAUDETTE COLLEEN HUBBARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 15, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Claudette Colleen Hubbard, a federal prisoner convicted of various drug and firearms offenses, including conspiracy to possess with intent to distribute in excess of five kilograms of crack cocaine, appeals the district court's denial of her 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on an amendment to U.S.S.G. § 2D1.1 that lowered the base offense levels applicable to crack cocaine offenses.

Hubbard argues the district court erred in determining *United States v. Booker*, 125 S. Ct. 738 (2005), was not applicable to § 3582(c)(2) proceedings. Hubbard contends Amendment 706 changed her guideline range, because her base offense level of 38 was mandatory prior to the amendment, but became advisory after *Booker*. Hubbard also argues Amendment 706's failure to explicitly reduce her base offense level of 38 is inconsistent with the policies underlying the amendment and with 28 U.S.C. § 994(a)(2)(c), which requires a policy statement to be consistent with § 3553(a)(2) and other pertinent federal statutes.

We review *de novo* "the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). We also review *de novo* "questions of statutory interpretation." *Id.*

Although a district court generally cannot modify a term of imprisonment

2

once it has been imposed, there is an exception where:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). A reduction of a term of imprisonment is not consistent with applicable policy statements issued by the Sentencing Commission – and is, therefore, not authorized under § 3582(c)(2) – if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706, which reduced the offense levels in crack cocaine cases, calculated pursuant to § 2D1.1(c), became effective November 1, 2007. *See* U.S.S.G. App. C Amend. 706 (2007). The Amendment was made retroactive as of March 3, 2008, by incorporation into § 1B1.10(c). *See* U.S.S.G. App. C, Amend. 713 (2008). Prior to the amendment, a base offense level of 38 applied to drug offenses involving 1.5 kilograms or more of crack cocaine. *See, e.g.*, U.S.S.G. § 2D1.1(c)(1) (2006). As a result of the amendment, a base offense level of 38

3

now applies to an offense involving 4.5 kilograms or more of crack cocaine, whereas level 36 applies to an offense involving at least 1.5 but fewer than 4.5 kilograms of crack cocaine. U.S.S.G. § 2D1.1(c)(1), (2) (2007). Thus, although Amendment 706 reduced offense levels in certain crack cocaine cases by two levels, the base offense level for convictions based on 4.5 kilograms or more of crack cocaine remained unchanged. *See* U.S.S.G. App. C, Amend. 706 (2007).

We have held "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, *Booker* is inapplicable to § 3582(c)(2) motions." *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). Furthermore, the plain language of § 3582(c)(2) clearly authorizes a lower court to reduce a sentence only where a defendant's original sentencing range has been reduced by the Sentencing Commission. 18 U.S.C. § 3582(c)(2)

The district court did not abuse its discretion in denying Hubbard's motion to modify her sentence under § 3582(c)(2). Although Amendment 706 affected the applicable guideline range for crack cocaine offenses involving less than 4.5 kilograms, Hubbard's offense involved more than this amount; thus, her base offense level of 38, and therefore her guideline range, remained unchanged. The

4

plain language of U.S.S.G. § 1B1.10(a)(2)(B) expressly prohibits a district court from granting § 3582(c)(2) relief in Hubbard's case. 18 U.S.C. § 3582(c)(2).

Because Amendment 706 did not effectively lower Hubbard's base offense level and guideline range, the district court did not err in finding it had no authority to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). Moreover, Hubbard's arguments based on *Booker* and policy considerations are meritless. Accordingly, we affirm.

**AFFIRMED.**