[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 13, 2009
THOMAS K. KAHN
CLERK

No. 08-15889
Non-Argument Calendar

_____

D. C. Docket No. 94-05018-CR-5-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY KIMBRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 13, 2009)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Tony Kimbro appeals the denial of his motion to reduce his sentence. 18

U.S.C. § 3582(c)(2). Kimbro moved to reduce his sentence based on Amendment 706 to the Sentencing Guidelines. We affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. We have held that, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008).

Kimbro argues that, under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court should have treated the Guidelines as advisory and considered whether he was entitled to a reduced sentence in the light of the statutory factors for sentencing, 18 U.S.C. § 3553(a), but that argument is foreclosed by precedent. United States v. Melvin, 556 F.3d 1190, 1191–93 (11th

Cir. 2009); United States v. Moreno, 421 F.3d 1217, 1220–21 (11th Cir. 2005). Because Amendment 706 did not have the effect of lowering Kimbro's guideline range, he was ineligible for a sentence reduction. Moore, 541 F.3d at 1330. The district court did not err in denying Kimbro's motion.

**AFFIRMED.**