[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13038
Non-Argument Calendar

_____

D. C. Docket No. 06-00469-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC L. LEMON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 15, 2009)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Eric L. Lemon, a federal prisoner convicted of conspiracy to distribute fifty or more grams of crack cocaine, appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Amendment 706 to the Sentencing Guidelines. The district court denied his motion because Lemon was sentenced as a career offender and Amendment 706 did not affect his guidelines range. On appeal, Lemon contends that his sentence was actually based on the drug quantity tables in U.S.S.G. § 2D1.1(c). We disagree and AFFIRM.

We review a district court's denial of a § 3582(c)(2) motion for abuse of discretion. See United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam). Pursuant to § 3582(c)(2), a district court may reduce a defendant's sentence that was based on a guideline sentencing range which the Sentencing Commission has subsequently lowered. See 18 U.S.C. § 3582(c)(2). Although Amendment 706 reduced the base offense levels under § 2D1.1(c) for certain crack cocaine offenses, it did not impact the career offender provision of U.S.S.G. § 4B1.1. See United States v. Moore, 541 F.3d 1323, 1325, 1330 (11th Cir. 2008). Consequently, § 3582(c)(2) does not authorize a sentence reduction for defendants who were sentenced as career offenders under § 4B1.1. See id. at 1330.

Contrary to Lemon's assertion, the record reveals that Lemon's sentencing guideline range was based on his career offender status, not the amount of drugs

2

involved. The pre-sentence investigation report initially set Lemon's base offense level at 32 under § 2D1.1(c) based on the amount of crack cocaine involved in the offense. However, the district court classified Lemon as a career offender based on his two prior felony convictions and determined his total offense level was 34 under § 4B1.1(b).[1] The district court then granted the government's § 5K1.1 motion for a downward departure based on Lemon's substantial assistance, and reduced his total offense level to 31. Combined with his criminal history category, Lemon's advisory guideline range was 188 to 235 months of imprisonment. The court sentenced Lemon to the minimum term of 188 months of imprisonment, followed by ten years of supervised release.

Because Lemon's sentencing range was predicated on the career offender tables under § 4B1.1(b), rather than the drug quantity tables under § 2D1.1(c), Amendment 706 does not alter his guidelines range. The district court therefore correctly determined that Lemon was not entitled to a sentence reduction under Amendment 706. See Moore, 541 F.3d at 1330. Accordingly, we AFFIRM the district court's denial of Lemon's § 3582(c)(2) motion to reduce his sentence.

**AFFIRMED.**

---

[1]This total offense level reflected a three-level adjustment for acceptance of responsibility.