[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 07, 2010
JOHN LEY
CLERK

No. 10-10018
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00159-SCB-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA VANDEMARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 7, 2010)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Joshua Vandemark appeals his conviction for conspiracy to distribute marijuana weighing 100 or more kilograms, and a sentence enhancement for

possessing a firearm while committing that offense. On appeal, he challenges: (1) the sufficiency of the evidence to support his conviction for a conspiracy involving that weight of contraband; and (2) the application of the firearm enhancement. After thorough review, we affirm.

Ordinarily, we review de novo whether the evidence was sufficient to sustain a conviction. United States v. Rudisill, 187 F.3d 1260, 1267 (11th Cir. 1999). However, when a defendant fails to raise an argument before the district court, we review only for plain error. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). To establish plain error, the defendant must show that there is: (1) error, (2) that is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. (quotation omitted). Because Vandemark did not raise his argument about the sufficiency of the evidence as to the drug quantity involved in the conspiracy before the district court, we will review that issue only for plain error.

We are unpersuaded by Vandemark's claim that the evidence was insufficient to support his conviction. We will affirm a verdict "as long as the jury could permissibly conclude that the defendant is guilty beyond a reasonable doubt." Rudisill, 187 F.3d at 1267. We view the evidence in the light most favorable to the government, and resolve any conflicts in favor of its case. United States v. Ward, 197

2

F.3d 1076, 1079 (11th Cir. 1999). Questions of witness credibility are for the jury. United States v. Thompson, 422 F.3d 1285, 1292 (11th Cir. 2005). We are "bound by the jury's credibility determinations, and by its rejection of the inferences raised by the defendant." United States v. Hernandez, 433 F.3d 1328, 1334 (11th Cir. 2005) (quotation omitted). The testimony of an accomplice can be sufficient to prove guilt, even though the witness is an admitted wrongdoer, and even if the testimony is uncorroborated. Craig v. Singletary, 127 F.3d 1030, 1044-45 (11th Cir. 1997).

To support a conspiracy conviction under 21 U.S.C. § 846, the government must establish beyond a reasonable doubt that (1) a conspiracy existed, (2) the defendant had knowledge of it, and (3) he voluntarily joined it. Thompson, 422 F.3d at 1290. A conspiracy may be proved by circumstantial evidence and may be inferred from concert of action. Id. A conspiracy to distribute drugs "may be inferred when the evidence shows a continuing relationship that results in the repeated transfer of illegal drugs to [a] purchaser." Id. at 1292 (quotation omitted).

Viewed in the light most favorable to the government, the evidence at trial established the existence of a continuing relationship between Vandemark and Dwight Breary in which Breary would supply Vandemark with marijuana. Breary testified that Vandemark came to him for marijuana about twice a week, and Breary's assistant, Sean Russell, testified that Vandemark purchased marijuana from Breary

3

about three times a week. In addition, law enforcement officers testified that: (1) they witnessed Vandemark or a vehicle used by him outside of locations used by Breary on multiple occasions; (2) a wiretap of Breary's phone recorded 23 conversations between Vandemark and Breary about the distribution of marijuana; and (3) hundreds of phone calls between Vandemark and Breary's other phone numbers also occurred. Further, Detective Timothy Connolly testified that Vandemark admitted he had known Breary for two years, and had been purchasing marijuana from him. From this evidence, a jury could permissibly find beyond a reasonable doubt that Vandemark was engaged in a conspiracy with Breary to distribute marijuana.

As for the drug quantity findings, the jury was entitled to find the government's case convincing and its witnesses credible. As the record shows, the testimony of Breary, Russell and Detective Connolly was specific enough to support a finding beyond a reasonable doubt that Vandemark's activities involved at least 100 kilograms of marijuana, even if it was not pinpointed to an exact amount above that threshold. Indeed, Detective Connolly testified that Vandemark admitted to "normally [] purchasing ten pounds, but on four or five occasions [] purchas[ing] 22 pounds [of marijuana]." Moreover, Breary said that Vandemark twice secured 50 pounds of marijuana, including once during the wiretap, and got 40 pounds three or four times, and that "I started giving him like five and ten pounds. And then it goes

4

up to like 20 pounds, 40. That was over a month or two period when it stepped up." And Russell testified that the smallest amount of marijuana Vandemark got from Breary was ten pounds, and the largest amount was fifty pounds, which Vandemark got two or three times.

While Vandemark argues that the only amount that was discussed during the wiretap was "two pounds," it was within the purview of the jury to believe or disbelieve Breary's explanation. The jury presumably believed Breary's explanation, which was not so incredible or irrational that it would have been impermissible to make such a finding. See Craig, 127 F.3d at 1044-45 (holding that the jury is allowed to believe the uncorroborated testimony of an accomplice). Further, the testimony of the accomplices, while not confirmed, was supported by the testimony of law enforcement witnesses. It was therefore not an error, let alone a plain error, for the court to allow the question of drug quantity to go to the jury.

Because we affirm the verdict including the drug quantity finding, and Vandemark's sentence therefore was controlled by a ten-year mandatory minimum, which the district court chose as its ultimate sentence, we need not decide whether the district court properly applied the firearm enhancement.

**AFFIRMED.**