[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16194
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:01-cr-00017-WTH-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL B. RAIFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 27, 2012)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Michael Raiford appeals the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion for a sentence reduction based on retroactive Amendment 750 to the Sentencing Guidelines. Amendment 750 took effect on November 1, 2011, and repromulgated as permanent the temporary emergency Amendment 748, which, among other things, lowered the base offense levels for particular crack cocaine quantities listed in U.S.S.G. § 2D1.1(c), pursuant to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. *See* U.S.S.G. App. C, Amends. 748, 750. For the reasons set forth below, we affirm.

I.

Raiford pleaded guilty to one count of distributing a quantity of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). In compiling the presentence investigation report, the probation officer calculated Raiford's sentence using the 2001 version of the Sentencing Guidelines. Raiford's offense involved less than 250 milligrams (0.25 grams) of crack cocaine, which qualified him for a base offense level of 12 under U.S.S.G. § 2D1.1(c). However, because Raiford had at least two prior felony convictions for a crime of violence or a drug offense, the probation officer classified him as a career offender and assigned him a base offense level of 32, pursuant to U.S.S.G. § 4B1.1. After a 3-level reduction for acceptance of responsibility, Raiford's total offense level became 29. His status as a career offender automatically placed him into criminal history category VI,

which, combined with the offense level of 29, yielded a guideline range of 151 to 188 months' imprisonment. The district court sentenced Raiford to 188 months in prison, to be followed by 3 years of supervised release.

Subsequently, Raiford filed the instant § 3582(c)(2) motion to reduce his sentence, predicated on Amendment 750 and the FSA. The district court denied his motion, reasoning that he was sentenced as a career offender under § 4B1.1, and, as such, Amendment 750 did not affect his guideline range. Raiford now appeals, arguing that his sentence was unreasonable because it was higher than those of other defendants who had received sentence reductions pursuant to the FSA. He also contends that the district court erred by failing to calculate a new base offense level under the amended Guidelines and then determine the proper sentence reduction under the 18 U.S.C. § 3553(a) factors.

## II.

We review a district court's decision not to reduce a sentence pursuant to § 3582(c)(2) for an abuse of discretion. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). The district court's "legal conclusions regarding the scope of its authority under the Sentencing Guidelines" are reviewed *de novo*. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Under § 3582(c)(2), where a defendant's term of imprisonment was based on a guideline range "that

3

has subsequently been lowered by the Sentencing Commission," a district court has the discretion to reduce the sentence, after considering the pertinent § 3553(a) factors, "if such a reduction is consistent with applicable policy statements" of the Guidelines. 18 U.S.C. § 3582(c)(2). The applicable policy statement, found in U.S.S.G. § 1B1.10, lists those guideline amendments that may apply retroactively to reduce a sentence, and Amendment 750 (parts A and C only) is included in that list. U.S.S.G. § 1B1.10(c). However, a sentence reduction is not authorized if the listed amendment "does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B).

In *Moore*, we faced the question of whether defendants who were sentenced as career offenders under § 4B1.1 were eligible for § 3582(c)(2) relief in light of Amendment 706, which, like Amendment 750, lowered the base offense levels for certain quantities of crack cocaine under U.S.S.G. § 2D1.1(c). *Moore*, 541 F.3d at 1325-27. We held that the defendants did not qualify for § 3582(c)(2) relief because Amendment 706 had no effect on their guideline ranges, which were calculated under § 4B1.1. *Id.* at 1327-30.

In this case, Raiford was sentenced as a career offender under § 4B1.1, and Amendment 750 had no effect on his guideline range. *See* U.S.S.G. App. C, Amend. 750; *Moore*, 541 F.3d at 1327-30. Therefore, the district court had no

authority to modify his sentence under § 3582(c)(2), regardless of whether his original sentence was unreasonable, and the court did not need to calculate a new base offense level or determine an appropriate sentence under the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B). Accordingly, we affirm the district court's denial of Raiford's § 3582(c)(2) motion.

**AFFIRMED.**