[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11445
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20533-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL IGLESIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 14, 2014)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Raul Iglesias appeals his convictions on one count of conspiracy to possess with intent to distribute controlled substances in violation of  21 U.S.C. §§ 841(a)(1) and 846, one count of possession with intent to distribute a controlled substance in violation of  21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, two counts of violating civil rights in violation of 18 U.S.C. §§ 242 and 2, one count of obstruction of justice in violation of 18 U.S.C. § 1512(b)(3), and three counts of making false statements in violation of 18 U.S.C. § 1001(a)(2).  These convictions stemmed from a host of incidents that occurred while Iglesias served as a supervisor for the City of Miami Police Department's Crime Suppression Unit (CSU), including the arrest of an individual after planting drugs on his person; stealing money and property from an arrestee; knowingly possessing controlled substances with intent to distribute; giving a confidential informant (CI) drugs for personal use and allowing a detective he supervised to do the same; and making false statements to the FBI.

On appeal, Iglesias argues that the district court barred him from presenting a complete defense in violation of his Fifth and Sixth Amendment rights.  He asserts that part of his defense theory rested on the contention that CSU detectives sent an anonymous letter to the police department's Internal Affairs division containing false corruption allegations against him, with the aim of having him removed from his position before he could uncover the detectives' own corrupt

2

activities.  Additionally, he alleges that the detectives gave false testimony at trial. However, the district court prevented Iglesias from impeaching the credibility of the detectives because it did not allow him to present evidence of their corrupt activities.

A district court's evidentiary rulings are reviewed for abuse of discretion. *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007).  Where the defendant has failed to raise a constitutional claim in the district court, we review for plain error.  *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam).  "Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (internal quotation marks omitted).

The due process requirements of the Fifth Amendment and the compulsory process provision of the Sixth Amendment give rise to the "idea that criminal defendants must be afforded the opportunity to present evidence in their favor." *United States v. Hurn*, 368 F.3d 1359, 1362 (11th Cir. 2004).  In a case where the defendant argues that the district court violated his constitutional right to present a defense by excluding certain evidence, we apply a two-step analysis. *See id.*  First, we determine whether the district court committed a constitutional violation by excluding the evidence in question. *See id.*  If so, we then consider whether the

3

error was "harmless beyond a reasonable doubt." *Id.* at 1362–63 (internal quotation marks omitted).

*Hurn* articulated four circumstances, one of which is relevant here, where exclusion of a defendant's evidence may violate constitutional rights. *See id.* at 1363. Namely, "a defendant generally has the right to introduce evidence that is not itself tied to any of the elements of a crime or affirmative defense, but that could have a substantial impact on the credibility of an important government witness."[1] *Id.*

Even when one of the *Hurn* circumstances is present, "otherwise relevant evidence may sometimes validly be excluded under the [Federal] Rules of Evidence." *See id.* at 1363 n.2; *see also Taylor v. Illinois*, 484 U.S. 400, 410, 108 S. Ct. 646, 653 (1988) (stating that "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence"). "Nevertheless, the fact that a particular rule of evidence requires the exclusion of certain evidence is not dispositive," and a conviction must be reversed when there are compelling reasons to grant an

---

[1] Iglesias also claims that his rights were violated under the fourth *Hurn* circumstance, which states that "a defendant must generally be permitted to introduce evidence that, while not directly or indirectly relevant to any of the elements of the charged events, nevertheless tends to place the story presented by the prosecution in a significantly different light, such that a reasonable jury might receive it differently." *See id.* However, because the government has not selectively presented evidence to cast Iglesias in an "inaccurate, unfavorable light," the fourth *Hurn* circumstance is not relevant. *See id.* at 1366–67.

exception to evidentiary rules.  *See Hurn*, 368 F.3d at 1363 n.2 (*citing Knight v. Dugger*, 863 F.2d 705, 729 (11th Cir. 1988)).

A district court also may exclude evidence where the relationship between the evidence and the point to be proven is too weak.  *Hurn*, 368 F.3d at 1366.  We have noted that "there comes a point—and a district court is perhaps in the best position to judge this—when the chain of inferences linking evidence and the legally relevant point to be proven is simply too long, dubious, or attenuated to require that the evidence be introduced."  *Id.*

Pursuant to the Federal Rules of Evidence, "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility."  Fed. R. Evid. 611(b).  Moreover, parties are prohibited from introducing extrinsic evidence "to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  Fed. R. Evid. 608(b).  But, Rule 608(b) does not prohibit a party from using extrinsic evidence for other impeachment purposes, such as to show bias.  Fed. R. Evid. 608(b) advisory committee's note (2003 Amendments).  Thus, evidence that a witness has engaged in prior conduct that has given him a motive to testify falsely is admissible.  *See United States v. Calle*, 822 F.2d 1016, 1021 (11th Cir. 1987) (noting that "[t]he self-interest of a witness, as opposed to the witness' general character for veracity, is not a collateral issue").

5

Here, the district court did not commit an error, plain or otherwise, in disallowing evidence pertaining to the CSU detectives' alleged misconduct. First, during the cross examination of a CI, Allen Brookins, Iglesias sought to proffer evidence—in the form of a tape and transcript of radio communications—that Brookins lied about who made a drug purchase during the CSU's buy-bust operation at the Rainbow Projects. To the extent that this evidence was offered to prove a specific instance of prior misconduct as an attack on Brookins's character for truthfulness, the district court was correct to exclude it as improper extrinsic evidence. *See* Fed. R. Evid. 608(b). But, contrary to the district court's ruling, such extrinsic evidence would have been admissible to prove the CSU detectives had a motive to lie on the stand. *See United States v. Matthews*, 168 F.3d 1234, 1244 (11th Cir. 1999) (noting that extrinsic evidence may not be used to prove prior conduct unless it "would be otherwise admissible as bearing on a material issue of the case"). However, excluding the evidence for being extrinsic does not constitute error because the record shows that the evidence was outside the scope of direct, and thus excludable under Rule 611(b). *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1286 (11th Cir. 2008) ("We can uphold the decision of the district court on any grounds that appear in the record."); Fed. R. Evid. 611(b) ("Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility."). Moreover, Iglesias

6

does not present a compelling reason to ignore the evidentiary rules in this instance, as the government's case did not rely solely upon the detectives' testimony, and Iglesias had other opportunities to challenge the credibility of both Brookins and the detectives. *See Hurn*, 368 F.3d at 363 n.2.

The second piece of evidence proffered—testimony from Iglesias about the content of fraudulent arrest forms from the reverse-sting operation in Little Havana and the detectives' motive to keep these forms from Iglesias at all costs—was properly barred on grounds of being too attenuated from the point to be proved, as it was purely speculative testimony of Iglesias's own interpretations of documents that he made no effort to admit into evidence. *See id.* at 1366.

Because the district court correctly excluded the evidence at issue under the Federal Rules of Evidence, Iglesias's challenge must fail unless he can offer a compelling reason that the Rules should not control. *Id.* at 1363 n.2. He has offered no such reason. Accordingly, the district court did not violate Iglesias's rights by excluding the evidence. As Iglesias has not shown any error, much less plain error, we affirm.

**AFFIRMED.**