[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10993
Non-Argument Calendar

_____

D.C. Docket No. 1:89-cr-00294-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABELARDO MUNERA-CADAVID,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 17, 2015)


Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Abelardo Munera-Cadavid, proceeding *pro se*, appeals the district court's order denying his motion for a sentence reduction, which he filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 591 to the United States Sentencing Guidelines (U.S.S.G.).  The district court denied Cadavid relief under Amendment 782, but did not mention Amendment 591 in its order.  Cadavid contends this Court should remand with instructions for the district court to consider his arguments under Amendment 591.

There is no need to remand because the record makes clear Cadavid was not entitled to a sentence reduction under Amendment 591.  *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012) ("[W]e may affirm for any reason supported by the record, even if not relied upon by the district court." (quotation omitted)).  "Amendment 591 requires that the initial selection of the offense guideline be based only on the statute or offense of conviction rather than on judicial findings of actual conduct not made by the jury."  *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) (quoting U.S.S.G. App. C, amend. 591)).  The amendment clarified that the enhanced penalties in § 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) applied only where the defendant was "convicted of an offense referenced to § 2D1.2" and not where the defendant simply "engaged in conduct described by that guideline."  *Id.*

2

Amendment 591 is inapposite to Cadavid's case.  Cadavid's guideline range was based on § 2D1.1's base offense level and a role enhancement, and not on any of the conduct that would increase the offense level under § 2D1.2.  *See id.* Accordingly, Amendment 591 did not lower Cadavid's applicable guideline range, and Cadavid was not entitled to a sentence reduction under Amendment 591.  *See* U.S.S.G. § 1B1.10(a)(2)(B) (explaining a sentence reduction "is not authorized under 18 U.S.C. § 3582(c)(2)" if the amendment "does not have the effect of lowering the defendant's applicable guideline range").

**AFFIRMED**.

3