[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12955
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 28, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 98-00011-CR-1-MP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BYRON QUINCY MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 28, 2009)

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Defendant-Appellant Byron Quincy Moore, a pro se federal prisoner who

was convicted of a crack cocaine offense, appeals the denial of his motion to

reduce his 168-month sentence, 18 U.S.C. § 3582(c)(2). No reversible error has been shown; we affirm.

In his section 3582(c)(2) motion, Moore contended that he qualified for a reduction under Amendment 706 to the Sentencing Guidelines, which retroactively reduced the base offense levels applicable to crack cocaine offenses. The district court determined that Moore's guidelines range had not been lowered by Amendment 706 and denied his section 3582(c)(2) motion.

We review for an abuse of discretion a district court's decision whether to reduce a sentence under section 3582(c)(2). United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). On appeal, Moore argues that the district court abused its discretion in denying his section 3582(c)(2) motion by not ordering the preparation of a new presentence investigation report ("PSI") and not allowing him to object, pursuant to Fed.R.Crim.P. 32(e)(2) and 18 U.S.C. § 3552(d), to the drug quantity.

When a sentencing guideline is amended and given retroactive effect, the district court, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," may reduce a previous sentence under the amendment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A reduction of a

term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" -- and is, therefore, not authorized under section 3582(c)(2) -- if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706 reduced by two levels the offense levels in crack cocaine cases calculated pursuant to the drug quantity table in U.S.S.G. § 2D1.1(c). See U.S.S.G. App. C, Amend. 706 (2007). The Sentencing Commission made this amendment retroactively applicable, effective as of 3 March 2008, by incorporation into U.S.S.G. § 1B1.10(c). See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).[1]

Moore originally received the highest base offense level of 38 under section 2D1.1(c), which corresponded to distribution of more than 1.5 kilograms of crack cocaine. This calculation was based on the probation officer's conclusion that Moore distributed at least seven grams of crack cocaine; Moore did not object to this drug quantity determination during his sentencing proceedings. After Amendment 706, a base offense level of 38 corresponds to distribution of 4.5 kilograms or more of crack cocaine. So, because Moore was held accountable for

---

[1]The 1 March 2008 Supplement has been superseded by the 1 May 2008 Supplement and, when used with the 2007 Manual, constitutes the operative Guidelines Manual effective 1 May 2008. See U.S.S.G. Cover (Supp. May 1, 2008).

seven kilograms of crack cocaine, Amendment 706 does not have the effect of lowering his guideline range.

Moore cannot now, in his section 3582(c)(2) proceeding, dispute the drug quantity attributable to him because sentencing adjustments under section 3582(c)(2) do not constitute de novo resentencing. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (explaining that, under section 3582(c)(2), all "original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing") (citation and internal quotation omitted). Thus, Moore's argument about Fed.R.Crim.P. 32(e) and section 3552 -- requirements for the disclosure of presentence reports -- does not bear on his section 3582(c)(2) motion. And we conclude that the district court did not abuse its discretion in denying Moore's section 3582(c)(2) motion because a sentence reduction was unauthorized. See U.S.S.G. § 1B1.10(a)(2)(B).[2]

AFFIRMED.

_____

[2]To the extent Moore argues that the district court should have considered the guideline range as advisory under Booker, his argument is unavailing because Booker does not apply to section 3582(c)(2) motions. See Moreno, 421 F.3d at 1220. Because Moore did not show that he was entitled to resentencing, we reject his additional arguments that the district court violated the Ex Post Facto Clause in failing to resentence him and failed to consider the section 3553(a) factors.