[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 17, 2009
THOMAS K. KAHN
CLERK

No. 08-13790
Non-Argument Calendar

_____

D. C. Docket No. 95-00129-CR-JHH-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCHEAREAN JEAN MEANS,
a.k.a. Jean,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(February 17, 2009)**

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Schearean Jean Means, a federal prisoner convicted of a crack cocaine

offense, appeals pro se from the district court's denial of her 18 U.S.C. §

3582(c)(2) motion for reduction of sentence based on an amendment to U.S.S.G. § 2D1.1 that lowered the base offense levels applicable to crack cocaine offenses. Means was originally sentenced, under 21 U.S.C. § 841(b)(1)(A), to the mandatory minimum of life imprisonment for possession with intent to distribute 50 or more grams of crack cocaine, with two or more prior felony drug convictions. On appeal, Means argues that the district court erroneously denied her 18 U.S.C. § 3582(c)(2) motion for a two-level reduction in her base offense level. After careful review, we affirm.

We review a district court's denial of a motion for sentence reduction pursuant to § 3582(c)(2) for abuse of discretion. See United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam). We review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines," as well as "questions of statutory interpretation." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied (No. 08-7610) (U.S. Jan. 12, 2009).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). This authority is limited to those guideline amendments

2

listed in U.S.S.G. § 1B1.10(c), including Amendment 706, that "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. §§ 1B1.10(a)(2), (c) (2008). Amendment 706, which reduced the offense levels in crack cocaine cases calculated pursuant to § 2D1.1(c) by two levels, became effective November 1, 2007. See U.S.S.G. App. C, Amend. 706 (2007). The Amendment was made retroactive as of March 3, 2008, by incorporation into U.S.S.G. § 1B1.10(c). See U.S.S.G. App. C, Amend. 713 (2008).

Although the retroactive effect of Amendment 706 allows a defendant whose guideline imprisonment range was calculated in accordance with § 2D1.1 to seek a reduction in her sentence, a defendant whose original sentence was based on something other than § 2D1.1 is precluded from receiving a sentence reduction, since the amendment does not have the effect of lowering the applicable guideline range. Moore, 541 F.3d at 1327-28; see U.S.S.G. § 1B1.10(a)(2)(B). This occurs, for example, where the defendant was sentenced to a statutory mandatory minimum sentence. See Moore, 541 F.3d at 1327-28 (citing U.S.S.G. § 1B1.10, comment. (n.1(A)) (noting that the operation of another guideline or statutory provision, such as "a statutory mandatory minimum term of imprisonment," would prevent the crack cocaine amendment from having the effect of lowering the defendant's applicable guideline range).

3

When a sentence is being reconsidered pursuant to a § 3582(c)(2) motion, the district court first must recalculate the sentence under the amended guidelines, then it must "decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000). If a defendant is not eligible, such as when an amendment is not applicable or does not actually lower the guidelines range, the district court is not required to engage in this two-step analysis. See Moore, 541 F.3d at 1328-29; U.S.S.G. § 1B1.10, comment. (n.1(A)) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."). Title 21 Section 841(b)(1)(A) states that if the defendant is convicted of a violation involving 50 grams or more of crack cocaine "after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment." 21 U.S.C. § 841(b)(1)(A).

Here, Means was sentenced to a mandatory term of life imprisonment, under § 841(b)(1)(A), since she was responsible for more then 50 grams of crack cocaine, and had four prior felony drug convictions. Because Means was sentenced to an applicable statutory mandatory minimum term of life imprisonment, resulting in a sentence that ultimately was based on something other than the offense level

4

calculation under § 2D1.1, she was precluded from receiving a sentence reduction under § 3582.  See Moore, 541 F.3d at 1327-28.  Accordingly, we likewise do not reach any of Moore's challenges to her sentence, and affirm the district court's denial of her § 3582(c)(2) motion.

**AFFIRMED.**