[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12360
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 95-00091-CR-ORL-19DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIJAH WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 12, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

On March 1, 1996, appellant pled guilty to an information charging him

under 21 U.S.C. § 846 with conspiracy to possess with intent to distribute and distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). At sentencing on May 21, 1996, the district court made the following Guidelines calculations. The court fixed appellant's offense level at 40 and his criminal history category at IV; that yielded a sentence range calling for imprisonment for term between 360 months and life. The court sentenced appellant to prison term of 360 months. He appealed his sentence, and we affirmed. United States v. Williams, 117 F.3d 1431 (11th Cir. 1997)(Table).

On December 12, 2007, appellant moved the district court pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the Guidelines, which amended the base offense levels in U.S.S.G. § 2D1.1(c) applicable to cocaine base (the drug for which appellant was held accountable at sentencing), see U.S.S.G. App. C, amends. 706, 711, 713 (Supp. May 1, 2008). Amendment 706 prescribed a two-level reduction of appellant's offense level (from 40 to 38). Appellant urged the court to treat the resulting sentence range as advisory and reduce his sentence to a term below the sentence range because of his post-sentencing rehabilitation. The court granted the prescribed two-level reduction, which, combined with a criminal history category of IV, resulted in a sentence range of 324 to 405 months' imprisonment. The court then reduced appellant's prison term to 324 months.

Appellant now appeals. He argues that, although U.S.S.G. § 1B1.10(b)(1) limited the offense level reduction under Amendment 706 to two levels, a further reduction was permissible because the Guidelines, including § 1B1.10(b)(1), are advisory in all contexts. To this end, he submits that, pursuant to the Supreme Court's decisions in Booker[1] and Kimbrough[2], every provision of the Guidelines is advisory in every case, irrespective of the context. He adds that, while United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005), holds that Booker does not apply in § 3582 proceedings, the holding in Moreno was only that neither § 3582 nor Booker provides a jurisdictional basis to reduce a sentence for post-sentencing rehabilitative conduct. Finally, he contends that his sentence of 324 months is unreasonable because it is greater than necessary to fulfill the purposes of sentencing set out in 18 U.S.C. § 3553(a), especially in light of his post sentence rehabilitation.

We held this appeal in abeyance pending this court's decision in United States v. Melvin, No. 08-13497. Melvin has been decided, ___ F.3d ____ 2009 WL 236053 (11th Cir. 2009), and it controls our decision here. Booker and Kimbrough are inapposite; their holdings do not apply in § 3582(c)(2)

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[2] Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

proceedings. Amendment 706 only authorized the district court to do what it did, which was to lower appellant's offense level. It did not authorize the court to resentence appellant anew.

**AFFIRMED**.