[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15677
Non-Argument Calendar

_____

D. C. Docket No. 00-06350-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEAN NELSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 29, 2009)

Before BIRCH, WILSON and FAY, Circuit Judges.

PER CURIAM:

Sean Nelson appeals the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). We conclude that Amendment 706 to the Sentencing Guidelines had no impact on Nelson's statutory mandatory minimum sentence. Accordingly, we AFFIRM.

## I. BACKGROUND

Nelson pled guilty in 2001 to possession with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He received the statutory mandatory minimum sentence of 120 months (ten years) of imprisonment.[1]

In 2007, Nelson filed a pro se § 3582(c)(2) motion to reduce his sentence under Amendment 706. At a hearing on his motion, Nelson, through counsel, argued that the district court erroneously assessed a second criminal history point for his prior conviction for possession of marijuana. Without that point, Nelson maintained that he would have qualified for safety-valve relief under U.S.S.G. § 5C1.2 and the sentencing court would not have been bound by the statutory mandatory minimum sentence.[2] The district court denied the § 3582(c)(2) motion.

[1]A defendant convicted of violating 21 U.S.C. § 841(a) involving fifty grams or more of crack cocaine must be sentenced to at least ten years of imprisonment. See 21 U.S.C. § 841(b)(1)(A).

[2]In order to qualify for safety-valve relief under U.S.S.G. § 5C1.2, a defendant must meet the criteria listed in 18 U.S.C. § 3553(f)(1)-(5), which include having no more than one criminal history point. See U.S.S.G. § 5C1.2(a)(1).

First, the court found no basis for adjusting his criminal history category, even if the court were to reevaluate it. "[S]econd and more compelling," the court concluded that it could not reassess Nelson's criminal history category in a § 3582(c)(2) proceeding and that Nelson was not entitled to relief from his minimum mandatory sentence. R1-60 at 1-2.

On appeal, Nelson reiterates his argument that he should have qualified for safety-valve relief. He therefore asserts that he was entitled to a sentence reduction because Amendment 706 lowered his base offense level. Nelson further suggests that we should consider the racial disparity between sentences for crack violations and powder cocaine violations acknowledged in Kimbrough v. United States, ___ U.S. ___, 128 S. Ct. 558 (2007).

## II. DISCUSSION

We review a district court's denial of a § 3582(c)(2) motion for abuse of discretion, and its legal interpretations de novo. See United States v. Williams, 549 F.3d 1337, 1338-39 (11th Cir. 2008) (per curiam). Section 3582(c)(2) permits a district court to reduce a defendant's sentence that was based on a sentencing range which was subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). For example, defendants convicted of crack cocaine offenses who were sentenced according to their base offense levels in § 2D1.1 are eligible

for a sentence reduction under Amendment 706. See Williams, 549 F.3d at 1339. However, Amendment 706 has no effect on a sentence that was based on something other than § 2D1.1, such as a statutory mandatory minimum, "since the amendment would not lower his applicable guidelines range." Id. Furthermore, because a sentencing adjustment under § 3582(c)(2) does not constitute a de novo resentencing, the district court must leave intact all original sentencing determinations except for the amended guideline range. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam).

We find no abuse of discretion in the denial of Nelson's § 3582(c)(2) motion. It is undisputed that Nelson's ten-year sentence was based on the statutory mandatory minimum, not his base offense level under § 2D1.1. As such, his sentence does "not fall within the scope of Amendment 706." Williams, 549 F.3d at 1342. Nor could the district court disturb the prior sentencing determinations concerning Nelson's criminal history points and his eligibility for safety-valve relief. See Moreno, 421 F.3d at 1220. Finally, as Kimbrough does not apply to § 3582(c)(2) proceedings, we do not consider Nelson's racial disparity arguments. See United States v. Melvin, 556 F.3d 1190, 1193 (11th Cir. 2009) (per curiam), petition for cert. filed (Feb. 10, 2009) (No. 08-8664) (concluding that Kimbrough only addressed the crack/powder disparity with respect to original sentencing

4

proceedings, not § 3582(c)(2) proceedings) .  Accordingly, we AFFIRM.

**AFFIRMED.**