[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2009
THOMAS K. KAHN
CLERK

No. 08-14036
Non-Argument Calendar

_____

D. C. Docket No. 98-00715-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL SEPULVEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 29, 2009)

Before TJOFLAT, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Paul Sepulveda appeals the district court's denial of his motion for a

sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706, which amended the base offense levels in U.S. Sentencing Guideline § 2D1.1(c) applicable to crack cocaine offenses. The district court denied the motion, finding that Sepulveda was sentenced as a career offender under U.S. Sentencing Guideline § 4B1.1, and thus, any reduction would not be consistent with the policy statements issued by the Sentencing Commission.

On appeal, Sepulveda argues that the district court had discretion to reduce his sentence under § 3582 because he had received a downward departure based on over-representation. Relying on *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), *cert. denied*, ___ S. Ct. ____, 2009 WL 301854 (2009), Sepulveda asserts that, although defendants sentenced as career offenders generally are not eligible for Amendment 706 reductions, those defendants who receive downward departures remain eligible for relief.

"We review a district court's decision not to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion." *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam). The district court may reduce the sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In *Moore*, we held that, if the defendant was sentenced as a career offender under U.S. Sentencing Guideline § 4B1.1, and the range was not affected by U.S. Sentencing Guideline § 2D1.1, then the sentence is not "based on a sentencing range that has subsequently been lowered." 541 F.3d at 1327. We noted that the base offense levels under U.S. Sentencing Guideline § 2D1.1 played no role in the calculation of the career offender range for that defendant. *Id.* at 1327. As such, even though Amendment 706 was retroactive, the district court was not authorized to reduce the sentence. *Id.* at 1330.

Similar to the defendants in *Moore*, the district court sentenced Sepulveda by application of the career offender guideline in U.S. Sentencing Guidelines § 4B1.1, leaving untouched his offense level. Sepulveda's downward departure only affected his criminal history category and did not affect his status as a career offender for purposes of calculating his Guidelines range. Thus, Sepulveda was not sentenced under the otherwise applicable base offense level of 32 in U.S. Sentencing Guidelines § 2D1.1, and the district court did not abuse its discretion in determining that he was ineligible for relief under Amendment 706.

In the alternative, Sepulveda argues that *Moore* was wrongly decided because it results in a mandatory application of the guidelines, which violates the

3

principles established in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). However, § 3582(c)(2) allows district courts to reduce a sentence only when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As such, *Booker* does not apply here. *See Moreno*, 421 F.3d at 1220 (providing that "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, *Booker* is inapplicable to § 3582(c)(2) motions."); *United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir. 2008) (per curiam) (same). Thus, Sepulveda's argument is precluded by our precedent. Moreover, decisions of prior panels are binding on subsequent panels, and can be overturned only by intervening Supreme Court authority or this Court sitting en banc. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981); *United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993).

We conclude that the district court correctly ruled that it lacked authority to reduce Sepulveda's sentence pursuant to § 3582(c)(2). Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED**.