[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11441
Non-Argument Calendar

_____

D. C. Docket No. 96-00055-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWIGHT DICKERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 7, 2009)

Before EDMONDSON, Chief Judge, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Pro se prisoner Dwight Dickerson ("Defendant") was sentenced to 365 months' imprisonment for conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846. The district court denied Defendant's motion to reduce sentence, a motion based on Amendment 706. He now appeals. The district court did not abuse its discretion by denying Defendant's motion; we affirm.

In 1996, police executed a warrant to search two motel rooms in Mobile, Alabama. In one of the rooms, police located Defendant, along with two other people; $9,004 in bundles of $1,000; approximately one gram of a white substance that field-tested positive for cocaine; and a ledger that appeared to be used for dealing drugs. Defendant claimed ownership of the currency.

Defendant's girlfriend, who was in the motel room with him, told police that she frequently traveled with Defendant as he sold cocaine from Atlanta to Mobile. Defendant's girlfriend and other witnesses provided extensive information about Defendant's drug-dealing. One associate told police that Defendant had transported crack cocaine from Atlanta to Mobile for almost three years, making approximately thirty trips carrying and selling between one-quarter and one-half kilogram of crack cocaine per trip. Based on this and other information, the Pre-

2

Sentence Investigation report ("PSI") stated that Defendant was involved with at least 7.5 kilograms of crack.

After a jury trial, Defendant was found guilty of one count of conspiracy to possess with intent to distribute crack cocaine. The court adopted the PSI's determinations that Defendant's total offense level was 38,[1] his criminal history was category III, and his sentencing guideline range 292 to 365 months.[2] Defendant did not object. Noting that this drug conviction was Defendant's third, the court sentenced Defendant to 365 months. The conviction was affirmed on direct appeal. The district court later denied Defendant's 28 U.S.C. § 2255 motion and his attempt to obtain a Certificate of Appealability ("COA").

Defendant later filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for retroactive application of Amendment 706 (as amended by Amendment 711), which can reduce a defendant's base offense level when the amount of crack attributable to the defendant is less than 4.5 kilograms. Because at least 7.5 kilograms of crack were attributed to Defendant, and because Defendant did not object to that amount, the district court decided that Amendment 706 did not affect Defendant's guideline range. The court therefore denied Defendant's motion.

---

[1]Involvement with crack cocaine in excess of 1.5 kilograms then corresponded with a base offense level of 38. See U.S.S.G. § 2D1.1(c)(1).

[2]Defendant's total offense level was based entirely on the applicable drug quantity; no aggravating or mitigating sentencing factors were deemed applicable.

"We review a district court's decision not to reduce a sentence pursuant to § 3582(c)(2) for [an] abuse of discretion." United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). Under 18 U.S.C. § 3582, a defendant's term of imprisonment may be reduced when the defendant was sentenced based on a guideline range that was later lowered by the Sentencing Commission, if the reduction is also consistent with the Commission's policies. Id. (emphasis added); see also U.S.S.G. § 1B1.10. Through Amendment 706, which applies retroactively, the Sentencing Commission reduced by two the base offense level of certain crack cocaine offenses.[3] Defendant's offense does not qualify for reduction because the base offense level for the amount of crack attributed to him – 7.5 kilograms – remained at 38 even after Amendment 706. Because Defendant's guideline range did not change, the district court correctly determined that a sentence reduction was not authorized under 18 U.S.C. § 3582(c)(2). See U.S.S.G. § 1B1.10(a)(2)(B).

Defendant argues that the amount of crack attributed to him at sentencing should be revisited because, among other reasons, his counsel was ineffective for failing to object to the amount of crack listed in the PSI and adopted by the court. Yet the district court rejected Defendant's claim of ineffective assistance by

_____

[3]For example, when Defendant was originally sentenced, 1.5 kilograms or more of crack corresponded to a base offense level of 38. After Amendment 706, the base offense level for more than 1.5 and less than 4.5 kilograms of crack was reduced from 38 to 36. For crack quantities of 4.5 kilograms or higher, the base offense level remained at 38.

4

denying Defendant's section 2255 petition and his request for COA. Moreover, Defendant's argument is squarely foreclosed by U.S.S.G. § 1B1.10(a)(3) (section 3582(c)(2) does "not constitute a full re-sentencing"). See also Moreno, 421 F.3d at 1220 (section 3582(c)(2) "does not constitute de novo re[-]sentencing"); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998) (original sentencing determinations remain except for newly amended guideline range).

Defendant also contends that under United States v. Booker, 125 S. Ct. 738 (2005), the Sentencing Commission's new guidelines –  including U.S.S.G. § 1B1.10 – are only advisory, and the district court may therefore re-examine settled sentencing issues.  This Court has recently said, however, that Booker does "not address motions to reduce a sentence under § 3582(c)(2)." United States v. Melvin, 556 F.3d 1190, 1192–93 (11th Cir. 2009). Therefore, a judge's discretion to reduce a sentence is limited by the strictures of section 3582(c)(2); and a "proceeding under § 3582(c)(2) is not a full re[-]sentencing hearing." Id. at 1193. Accordingly, the district court could not reconsider Defendant's original sentencing determinations, such as the amount of drugs attributed to Defendant on the PSI.

Amendment 706 did not change the base offense level, and thus the guideline range, for the amount of drugs attributed to Defendant at sentencing. The district court did not abuse its discretion by denying Defendant's section

5

3582(c)(2) motion.

AFFIRMED.