[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10009
Non-Argument Calendar

_____

D. C. Docket No. 91-00189-CR-J-20

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUMPHREY S. FRANCIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 3, 2009)

Before DUBINA, Chief Judge, TJOFLAT and FAY, Circuit Judges.

PER CURIAM:

Humphrey Francis, who was convicted of a cocaine offense, appeals through counsel the district court's denial of his pro se motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2) and based on Amendment 706, which reduced the base offense levels applicable to offenses that involved less than 4.5 kilograms of crack cocaine. The district court denied the motion because Francis was held responsible for more than 4.5 kilograms of crack cocaine, such that Amendment 706 did not affect his guideline range. For the reasons set forth below, we affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements provide that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . [a retroactive amendment] is applicable to the defendant but the amendment does not have the effect of lowering

the defendant's applicable guideline range." U.S.S.G. § 1B1.10, comment. (n.1(A)).

The district court properly denied the motion. See James, 548 F.3d at 984. First, Francis's guideline range was not lowered as a result of Amendment 706, given that he was held accountable for 13.06 kilograms of crack cocaine and Amendment 706 only lowered the base offense levels for quantities of crack cocaine less than 4.5 kilograms. See id. at 986 (holding that the defendant was not entitled to a reduction in sentence because he had been held accountable for more than 4.5 kilograms of crack cocaine, and Amendment 706 did not lower his guideline range). Although Francis argues that the district court did not make a finding of fact at sentencing that he was responsible for more than 4.5 kilograms of crack cocaine, the presentence investigation report specified as much, and the district court indicated in a Statement of Reasons that it had adopted the factual findings in the PSI. Moreover, in his motion, Francis admitted that the district court adopted this drug-amount finding.

Also, to the extent that Francis argues that the district court could have relied on Booker and Kimbrough to reduce his sentence or otherwise should have applied Booker and Kimbrough, his argument is without merit because those cases do not apply to § 3582 proceedings. See United States v. Melvin, 556, F3d 1190, 1192-93

(11th Cir. 2009) (holding that neither <u>Booker</u> nor <u>Kimbrough</u> render a guideline range advisory in the context of a § 3582 proceeding), <u>petition for cert. filed</u>, (U.S. Feb. 10, 2009) (No. 08-8664); <u>United States v. Moreno</u>, 421 F.3d 1217, 1220-21 (11th Cir. 2005) (holding that <u>Booker</u> did not provide a jurisdictional basis for § 3582 relief because it was not a sentencing amendment).  Accordingly, we affirm.

**AFFIRMED.**