[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15340
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-00103-CR-ORL-18B

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FITZROY GEORGE GUTZMORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 5, 2009)

Before DUBINA, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Fitzroy George Gutzmore, through counsel, appeals the district court's

denial of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2).

Gutzmore's § 3582(c)(2) motion was based on Amendment 706 to the Guidelines,

which reduced base offense levels applicable to crack cocaine.[1]

On appeal, Gutzmore argues that he is eligible for a sentence reduction

pursuant to § 3582(c)(2) because Amendment 706 lowered his base offense level

from 38 to 36. He argues that the district court's original sentencing

determinations regarding the drug quantity attributed to him cannot stand in light

of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Gutzmore argues that his sentence is disparate with similarly situated individuals

that were sentenced after Apprendi and United States v. Booker, 543 U.S. 220, 125

S.Ct. 738, 160 L.Ed.2d 621 (2005). Finally, he argues that the U.S. Sentencing

Commission exceeded its delegated authority because U.S.S.G.

§ 1B1.10(b)(2)(A)'s prohibition against a reduction below the amended guideline

range violates Booker now that the guidelines are advisory.

"We review de novo a district court's conclusions about the scope of its

legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d

983, 984 (11th Cir. 2008). A district court may reduce a term of imprisonment in

the case of a defendant who was sentenced to a term of imprisonment based on a

---

[1] The Government's motion for summary affirmance is DENIED AS MOOT and its motion to treat the motion as a brief is GRANTED.

sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements, found in § 1B1.10, state a reduction of a term of imprisonment is not authorized if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Here, Amendment 706 would reduce Gutzmore's base offense level to 36. However, all other sentencing determinations remain unchanged. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (holding that, with the exception of the amended guideline range, "all original sentencing determinations remain unchanged"). Therefore, after reinstating the orginal enhancements that total 4 levels, Gutzmore would have a total offense level of 40 and a criminal history category of III, and his applicable guideline range remains unchanged. See U.S.S.G. Ch. 5, Pt. A (table) (providing a sentencing range of 360 months' to life imprisonment for a defendant with a criminal history category of III and an offense level of 40 to 43). Therefore, the district court properly determined that it was not authorized to reduce Gutzmore's sentence pursuant to § 3582(c)(2). See U.S.S.G. § 1B1.10(a)(2)(B) (stating that a reduction of a term of imprisonment is

3

not authorized if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range). Finally, Gutzmore's <u>Booker</u> argument is foreclosed by precedent. <u>See</u> <u>United States v. Melvin</u>, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (holding that <u>Booker</u> is inapplicable in § 3582(c)(2) proceedings), <u>cert. denied</u>, (U.S. May 18, 2009) (No. 08-8664). Accordingly, we affirm.

**AFFIRMED.**[2]

---

[2]     Gutzmore's request for oral argument is denied.