[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 25, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16424
Non-Argument Calendar

_____

D. C. Docket No. 96-00065-CR-002-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS EUGENE MITCHELL,
a.k.a. Paradise,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 25, 2009)

Before EDMONDSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Curtis Eugene Mitchell, a federal prisoner convicted of a crack cocaine offense, appeals the denial of his motion for a sentence reduction, 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines.[1] No reversible error has been shown; we affirm.

The district court denied the section 3582(c)(2) motion because Mitchell had received the statutory mandatory minimum sentence. On appeal, Mitchell argues that the mandatory minimum -- which operated to deny him a sentence reduction under Amendment 706 -- violates principles of equal protection and due process because the crack-to-powder cocaine sentencing ratio is unrelated to a legitimate state interest.

We review the denial of a section 3582(c)(2) motion for an abuse of discretion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). But we review Mitchell's constitutional claim only for plain error because he did not raise it in the district court. Id. at 1220.

A district court may reduce a term of imprisonment for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

_____

[1]Amendment 706 -- which became retroactive on 3 March 2008, U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008) -- reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c).

2

subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). But a defendant who initially was sentenced to the statutory minimum is ineligible for a reduction under Amendment 706 and section 3582(c)(2). United States v. Williams, 549 F.3d 1337, 1342 (11th Cir. 2008). Thus, because Mitchell received the mandatory minimum sentence, the district court abused no discretion in denying the section 3582(c)(2) motion; Amendment 706 did not have the effect of lowering his guidelines range. See U.S.S.G. § 1B1.10, cmt. n.1(A) (noting that "the operation of another guideline or statutory provision," such as "a statutory mandatory minimum term of imprisonment," would prevent Amendment 706 from "hav[ing] the effect of lowering the defendant's applicable guideline range").

About Mitchell's due process and equal protection claim, constitutional challenges to an original sentence are not cognizable under section 3582(c)(2). See United States v. Bravo, 203 F.3d 778, 780-82 (11th Cir. 2000) (concluding that a district court had no jurisdiction in a section 3582(c)(2) proceeding to consider a defendant's claim that his sentence constituted cruel and unusual punishment). Thus, the district court committed no plain error in denying the section 3582(c)(2) motion.

AFFIRMED.