[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11083
Non-Argument Calendar

_____

D. C. Docket No. 91-14013-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY JENNINGS,
a.k.a. Rickey,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 2, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Stanley Jennings appeals the District Court's refusal to reduce further his sentence pursuant to 18 U.S.C. § 3582(c)(2). We see no reversible error; we affirm.

Petitioner believes that the District Court erred when it did not apply Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), to his conviction for conspiracy and distribution of cocaine base: crack cocaine. Petitioner has previously filed a section 3582 appeal in this court, arguing that his term of imprisonment was above the statutory minimum. We affirmed the District Court's decision.

Later, Petitioner filed another section 3582 claim because of the retroactive change in the crack cocaine sentencing guidelines. The District Court reduced his sentence, but not enough for the Defendant, who filed this appeal.

We review a district court's legal conclusions on its scope of authority under the sentencing guidelines de novo. United States v. Campbell, 491 F.3d 1306, 1315 (11th Cir. 2007).

First, we address Petitioner's argument that we overrule United States v. Melvin, 556 F.3d 1190 (11th Cir. 2009), as wrongly decided. We are bound by previous panels of this court, and we have no authority to overrule those panels. United States v. Hogan, 986 F.2d 1364, 1369 (11th Cir. 1993).

Petitioner argues that, although Apprendi lacks retroactive effect, a section

2

3582(c)(2) proceeding somehow renders a judgment no longer final.  We note, that in a section 3582(c)(2) sentence reduction, the District Court does not conduct a de novo re-sentencing.  United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000).  The specific issues that petitioner raises as reason to reduce further his sentence -- that the jury did not determine drug quantity -- have already been addressed by this court.  See, United States v. Jennings, 02-16256 (Aug. 05, 2003).  See also, United States v. Moreno, 421 F.3d 1217, 1219-20 (11th Cir. 2005); United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005).  Because the statute dictates that the judgment is final for all other purposes, section 3582(c)(2) only applies to the very narrow issue addressed by the changed statute; the determination of drug quantity was final and cannot be reviewed.  By the way, it is possible that the law-of-the-case doctrine applies here.  We alternatively rule that petitioner's argument is foreclosed by our earlier ruling.

AFFIRMED.