[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10009
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:99-cr-00027-WPD-20

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE CHUNG, a.k.a. Andy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 2, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

*Pro se* defendant-appellant Andre Chung appeals the denial of his 18 U.S.C.

§ 3582(c)(2) motion to modify or reduce his sentence. For the reasons that follow,

we affirm.

In 1999, Chung was convicted of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In the presentence investigation report (PSI), the probation officer noted that Chung was responsible for at least 100 kilograms of cocaine, which placed Chung's base offense level at 36 under U.S.S.G. § 2D1.1. With no enhancements or reductions, and a criminal history category II, Chung's guideline imprisonment range was 210 to 262 months' imprisonment. Chung objected that his base offense level should not have been based on more than 50 kilograms of cocaine because an amount higher than 50 kilograms was inconsistent with grand jury testimony. At sentencing, the court overruled Chung's objections and also applied enhancements for obstruction of justice under § 3C1.1 and possession of a firearm under § 2D1.1. Under the court's calculations, Chung had an offense level of 40 and a guideline range of 324 to 405 months' imprisonment. Chung was sentenced to 400 months' imprisonment. On direct appeal, this court affirmed Chung's conviction and sentence.

In December 2010, Chung filed the instant *pro se* § 3582(c) motion to reduce his sentence based on Guideline Amendment 591. Chung argued that the change made by Amendment 591 required that the applicable offense guideline be

determined according to the offense of conviction rather than on judicial findings of actual conduct. Thus, he alleged, the district court failed to select the correct guideline for the offense of conviction. Chung concluded that, because he was challenging the district court's guideline selection and not its determination of his base offense level, Amendment 591 was applicable and his sentence should be reduced to the 20-year mandatory maximum under § 841(a) offenses for which no drug quantity is alleged.

The court denied Chung's motion, finding that Amendment 591 was not applicable and that a § 3582 claim was not appropriate for an alleged violation under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This is Chung's appeal.

We review a district court's decision whether to reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003).

"Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). But § 3582(c)(2) does not grant the district court jurisdiction to reconsider all original sentencing determinations. *Id.* at 781.

Moreover, the district court may not modify an imposed term of imprisonment upon a § 3582(c)(2) motion unless the defendant's sentencing range was subsequently lowered by an amendment to the Sentencing Guidelines. *Id.*

Amendment 591 added language to U.S.S.G. § 1B1.1(a) instructing the district court to "determine, pursuant to § 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction." U.S.S.G. App. C, Amend. 591.[1] Furthermore, Amendment 591 changed U.S.S.G. § 1B1.2(a), instructing the sentencing court to "[r]efer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline, referenced in the Statutory Index for the offense of conviction. . . . For statutory provisions not listed in the Statutory Index, use the most analogous guideline." *Id.* (amending U.S.S.G. § 1B1.2(a)). In *United States v. Moreno*, we explained that Amendment 591

> was designed to clarify whether enhanced penalties provided by U.S.S.G. § 2D1.2 (relating to drug offenses near protected locations or involving underage or pregnant individuals) apply only where the offense of conviction is referenced to that guideline, or whether such enhanced penalties can be used whenever a defendant's relevant, uncharged conduct includes drug sales in a protected location or drug sales involving a protected individual. Specifically, in order for the enhanced penalties in § 2D1.2 to apply, the defendant must be

---

[1] Amendment 591 became effective on November 1, 2000 and is retroactively applicable. U.S.S.G. § 1B1.10(c); U.S.S.G. App. C, Amend. 591.

> convicted of an offense referenced to § 2D1.2, rather than simply
> have engaged in conduct described by that guideline.

*United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) (quotation and citation omitted). Under Appendix A, § 2D1.1 is the applicable guideline section for § 841(a) offenses. U.S.S.G. App. A.

Amendment 591, however, only applies to the selection of the relevant offense guideline, not the selection of a base offense level within the applicable offense guideline. *Moreno*, 421 F.3d at 1219-20. Furthermore, Amendment 591 does not constrain the use of judicially found facts to select a base offense level within the relevant guideline. *Id.*

Here, in determining Chung's sentence, the district court applied the applicable guideline selection from Appendix A, and thus, Amendment 591 does not apply to him. Accordingly, the district court did not abuse its discretion in denying his § 3582(c)(2) motion.

**AFFIRMED.**