[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10158
Non-Argument Calendar
_____

D.C. Docket No. 0:95-cr-06031-DTKH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN ROBINSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 12, 2012)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Norman Robinson, proceeding *pro se*, appeals the district court's denial of

his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on retroactive Amendment 750 to the Sentencing Guidelines. Amendment 750 took effect on November 1, 2011, and repromulgated as permanent the temporary emergency Amendment 748, which, among other things, lowered the base offense levels for particular crack cocaine quantities listed in U.S.S.G. § 2D1.1(c), pursuant to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. *See* U.S.S.G. App. C, Amends. 748, 750. For the reasons set forth below, we affirm.

## I.

In 1995, Robinson was convicted by a jury on one count of conspiring to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and two counts of possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The probation officer calculated Robinson's guideline range using the 1994 version of the Sentencing Guidelines. The officer initially assigned him a base offense level of 32, pursuant to U.S.S.G. § 2D1.1(a)(3) and (c)(6), because his offense involved at least 50 grams but less that 150 grams of crack cocaine. However, because Robinson had at least two prior felony convictions for a crime of violence, he qualified as a career offender under U.S.S.G. § 4B1.1, resulting in a total offense level of 37. This offense level, combined with a criminal history category of VI, yielded a guideline range of 360

months to life imprisonment. The district court ultimately sentenced Robinson to 360 months in prison on all counts, to be served concurrently.

Robinson subsequently filed the instant § 3582(c)(2) motion to reduce his sentence, predicated on Amendment 750. The district court denied the motion, reasoning that Robinson's sentence calculation was based on the career-offender guideline in § 4B1.1, not the amended crack cocaine guidelines in § 2D1.1. Because his guideline range was not lowered by Amendment 750, a sentence reduction under § 3582(c)(2) was not authorized.

## II.

On appeal, Robinson concedes that he was sentenced as a career offender, but argues that he is nevertheless entitled to receive a sentence reduction under § 3582(c)(2). He contends, essentially, that Amendment 750 was derived from the FSA and, therefore, allows all defendants who were convicted of crack cocaine offenses to receive sentence reductions, even if they were sentenced as career offenders under § 4B1.1.

We review a district court's decision not to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). The district court's legal conclusions regarding the scope of its authority under the Guidelines are reviewed *de novo*. *United States v.*

3

*Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Under § 3582(c)(2), where a defendant's term of imprisonment was based on a guideline range "that has subsequently been lowered by the Sentencing Commission," a district court has the discretion to reduce the sentence "if such a reduction is consistent with applicable policy statements" of the Guidelines. 18 U.S.C. § 3582(c)(2). The applicable policy statement, found in U.S.S.G. § 1B1.10, lists those guideline amendments that may apply retroactively to reduce a sentence, and Amendment 750 (parts A and C only) is included in that list. U.S.S.G. § 1B1.10(c). However, a sentence reduction is not authorized if the listed amendment "does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B).

In *Moore*, we faced the question of whether defendants who were sentenced as career offenders under § 4B1.1 were eligible for § 3582(c)(2) relief in light of Amendment 706, which, like Amendment 750, lowered the base offense levels for certain quantities of crack cocaine under U.S.S.G. § 2D1.1(c). *Moore*, 541 F.3d at 1325-27. We held that the defendants did not qualify for § 3582(c)(2) relief because Amendment 706 had no effect on their guideline ranges, which were calculated under § 4B1.1. *Id.* at 1327-30.

In this case, Robinson was sentenced as a career offender under § 4B1.1,

4

and, therefore, Amendment 750 had no effect on his guideline range. *See* U.S.S.G. App. C, Amend. 750; *Moore*, 541 F.3d at 1327-30. Although *Moore* was decided prior to the FSA's enactment, nothing in the FSA alters the fact that § 3582(c)(2) only allows sentence reductions if the defendant's guideline range "has subsequently been lowered by the Sentencing Commission," and the Commission did not lower Robinson's career-offender guideline range through Amendment 750. *See* 18 U.S.C. § 3582(c)(2); FSA, Pub. L. No. 111-220, 124 Stat. 2372. In this light, the district court had no authority to modify Robinson's sentence under § 3582(c)(2) and did not err in denying his motion. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).[1] Accordingly, we affirm.

**AFFIRMED.**

---

[1] In his brief to this Court, Robinson cites extensively to *Freeman v. United States*, 564 U.S. __, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (plurality opinion). However, his reliance on *Freeman* is misplaced. In that case, a plurality of Supreme Court Justices held that a district court may grant a § 3582(c)(2) reduction where the defendant had received a specific sentence pursuant to a plea agreement and the sentence was based on subsequently amended Guidelines. *See Freeman*, 564 U.S. at __, 131 S.Ct. at 2691-95. Here, Robinson never entered into a plea agreement, and, as previously explained, his guideline range was not based on subsequently amended Guidelines.